PER CURIAM:
 

 This appeal arises out of the unsuccessful attempt of a group of individual investors, collectively known as the “Schupak group” [Schupak], to purchase the assets of Dutch Inn of Orlando, Ltd. [Dutch Inn], a limited partnership that owned a leasehold interest in real property adjacent to Disney World in Orange County, Florida, on which it operated a six-hundred room motel. Specifically, Schupak seeks the reversal of the Bankruptcy Judge’s orders (1) dismissing an adversary proceeding it instituted seeking specific performance and (2) enjoining the continued prosecution of a New York state court action in which it sought to prevent a third party from purchasing the debtor’s assets. We affirm.
 

 The Dutch Inn filed a petition in bankruptcy seeking an arrangement under Chapter XII of the Bankruptcy Act, 11 U.S.C. §§ 801-926 (repealed 1979), on July 2, 1976. At that time it had defaulted on the first and second mortgages on the hotel property and was in arrears on the rent it owed to the owner of the property subject to its leasehold. The bankruptcy court adjudicated Dutch Inn to be a bankrupt on February 2, 1978, but stayed the administration of the bankruptcy proceedings pending appeal, conditioned on the posting of a cash supersedeas bond. During this time period, Dutch Inn began negotiating with Schupak for the sale of its assets. These negotiations resulted in a “letter of intent” signed by the parties evidencing their desire to consummate a sale of the assets. The bankruptcy judge permitted Dutch Inn to •file a third amended plan of arrangement, which the sale of its assets to Schupak would fund, and scheduled a confirmation hearing.
 

 Although Schupak deposited the funds necessary to carry out the sale with the court, no finalized agreement between Dutch Inn and Schupak was ever submitted for court approval. Instead Dutch Inn executed an agreement to sell its assets to a group of investors known as the “Schotten-stein group” [Schottenstein], filed a fourth amended plan of arrangement, and sought the bankruptcy court’s approval of the sale. Following attempts by Schupak to prevent the consummation of a sale of the debtor’s assets to any purchaser other than itself, the bankruptcy court granted Dutch Inn’s application for a temporary restraining order prohibiting Schupak from contacting Schottenstein or interfering with Dutch Inn’s negotiations with Schottenstein. Schupak then initiated an adversary proceeding seeking specific performance by Dutch Inn of its alleged agreement to sell all its assets to Schupak an injunction against the sale of the assets to Schotten-stein, money damages for breach of contract, and rejection of Dutch Inn’s proposed plan of arrangement.
 

 On July 7, 1978, the bankruptcy court dismissed Schupak’s claim for specific performance for failure to state a claim for which relief could be granted and enjoined Schupak from continuing state court actions it had initiated in New York seeking to prevent the sale of Dutch Inn’s assets to Schottenstein. Schupak appealed to the district court, which affirmed the decision of the bankruptcy judge. On this appeal, Schupak asserts that the bankruptcy court’s refusal to grant it specific performance was erroneous on several grounds. Because Schupak’s appeal is moot, we dismiss.
 

 After the entry of the orders appealed from, Dutch Inn filed a fifth amended plan of arrangement and sought approval of a sale of its assets to the Schottenstein group. The bankruptcy court approved the sale of assets on September 28, 1978. Neither the bankruptcy court nor the district court
 
 *506
 
 stayed the order approving the sale, Schu-pak did not obtain a stay of the sale by filing a supersedeas bond under Rule 62(d), and the parties completed the sale on October 13, 1978.
 

 Rule 12-61(2) of the Rules of Bankruptcy Procedure adds the following provision to Rule 805 of the Rules of Bankruptcy Procedure:
 

 Unless an order approving a sale of property or issuance of a certificate of indebtedness is stayed pending appeal, the sale to a good faith purchaser or the issuance of a certificate to a good faith holder shall not be affected by the reversal or modification of such order on appeal whether or not the purchaser or holder knows of the pendency of the appeal.
 

 Under Rule 12-61(2), the failure of the Schupak group to obtain a stay of the sale of the debtor’s assets either by order of the bankruptcy judge or district court or by filing a supersedeas bond has permitted the completion of the sale to Schottenstein to moot this appeal.
 
 See In re Rock Industries Machinery Corp.,
 
 572 F.2d 1195 (7th Cir. 1978);
 
 In re Combined Metals Reduction Co.,
 
 557 F.2d 179 (9th Cir. 1977);
 
 In re Abingdon Realty Corp.,
 
 530 F.2d 588 (4th Cir. 1976). Schupak does not argue that Schottenstein acted in bad faith in purchasing the debtor’s assets, and Schottenstein’s mere knowledge of the claims made by Schupak that are the basis of this appeal does not deprive Schottenstein of the protection accorded to a good faith purchaser.
 
 See In re Rock Industries Machinery Corp.,
 
 572 F.2d at 1198-99. Schottenstein has assumed substantial obligations to Dutch Inn’s lessee and mortgagees in reliance upon its obtaining good title to the leasehold interest and hotel property. Schotten-stein was not a party to the bankruptcy proceeding and the merits of Schupak’s claims against the partnership cannot be decided in his absence. We decline to reach them.
 

 DISMISSED.