638 F.2d 90
 Paul N. SAHAROFF, Petitioner,
v.
James M. STONE, Read P. Dunn, David G. Gartner and Robert L.
Martin, Commissioners of the Commodity Futures Trading
Commission, an independent regulatory agency of the United
States of America, Respondent.
 No. 79-7626.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 14, 1980.
Decided Nov. 10, 1980.
 
 C. H. de S. Harris, Stanford, Cal., argued for petitioner.
 Oren O'Neill, Sacramento, Cal., Paul M. Architzel, Washington, D. C., argued for respondent.
 On Petition to Review The Commodity Futures Trading Commission.
 Before WRIGHT and ANDERSON, Circuit Judges, and PECKHAM, District Judge.*
 EUGENE A. WRIGHT, Circuit Judge:
 
 
 1
 Saharoff seeks review of an order of the Commodity Futures Trading Commission. We dismiss his appeal because he has not filed a bond as required by statute and an order of this court.
 
 I.
 
 2
 Saharoff was registered under the Commodity Exchange Act, 7 U.S.C. §§ 1 et seq. (1976), as a "person associated" with a futures commission merchant. A customer, Leonard Stock, initiated a reparations proceeding pursuant to 7 U.S.C. § 18, alleging Saharoff had cheated and defrauded him. After a full adversary hearing before an administrative law judge and an appeal to the Commission, the latter ordered Saharoff to pay Stock $8,035 plus interest and filing fees.
 
 
 3
 Section 18(g) conditions judicial review of reparation orders on the filing of a bond:
 
 
 4
 Such appeal shall not be effective unless within 30 days from and after the date of the reparation order the appellant also files with the clerk of the court a bond in double the amount of the reparation awarded against the appellant conditioned upon the payment of the judgment entered by the court, plus interests and costs, including a reasonable attorney's fee for the appellee, if the appellee shall prevail. Such bond shall be in the form of cash, negotiable securities having a market value at least equivalent to the amount of the bond prescribed, or the undertaking of a surety company on the approved list of sureties issued by the Treasury Department of the United States.
 
 
 5
 When Saharoff failed to file a bond, Stock moved to dismiss this appeal. Another panel of this court, without deciding the validity of the double bond requirement, reduced the amount of the bond to $11,500 (the reparations award plus interest and costs on appeal).
 
 
 6
 Saharoff has filed no bond, asserting that he cannot afford it, and urges us to waive the requirement or accept some alternative form of security.
 
 II.
 
 7
 The plain meaning of § 18 requires a double bond to be filed in order to obtain judicial review. Saharoff has identified no legislative history, and we have discovered none, which persuades us the filing of the bond was not intended to be a mandatory requirement.
 
 III.
 
 8
 The question is whether the bond requirement is consistent with the due process and equal protection components of the Fifth Amendment.
 
 
 9
 This question was addressed in O'Day v. George Arakelian Farms, Inc., 536 F.2d 856 (9th Cir. 1976). The court considered the validity of a provision in the Perishable Agricultural Commodities Act of 1930, 7 U.S.C. § 449g(c) (1976), requiring a double bond in order to appeal a reparation award to district court. We find no basis for distinguishing O'Day, and shall follow its holding as the law of this circuit.
 
 A.
 
 10
 Saharoff, relying on Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), argues that the bond requirement violates due process by precluding access to the only available forum to settle his dispute.
 
 
 11
 In rejecting an identical argument, O'Day distinguished Boddie because it involved access to courts in order to seek a divorce. The Supreme Court had emphasized that the state had made access to the courts an exclusive condition to the adjustment of a fundamental human relationship. Having done so, the state could not then deny access to those who could not afford the filing fee. 401 U.S. at 383, 91 S.Ct. at 788.
 
 
 12
 Boddie was premised on plaintiffs having been denied "an opportunity to be heard." Id. at 380, 91 S.Ct. at 787. Saharoff, in contrast, has had an opportunity to present his case. He participated in an adversary proceeding before an administrative law judge, and he appealed to the Commission.
 
 
 13
 The bond requirement has not denied him "an opportunity to be heard." Boddie is inapplicable.
 
 
 14
 Assuming Saharoff's claim of financial inability to obtain the bond is made in good faith, the requirement prevents judicial review of the Commission's order.[1] We do not believe, however, that judicial review is an essential element of due process in this case. See Ortwein v. Schwab, 410 U.S. 656, 659-60, 93 S.Ct. 1172, 1174-1175, 35 L.Ed.2d 572 (1973) (due process does not require judicial review of welfare agency determinations); Investment Annuity, Inc. v. Blumenthal, 609 F.2d 1, 7 (D.C.Cir.1979) (not all denials of access to judicial review amount to due process violations); Langdon v. State Corp. Comm'n, No. 77-0241-R (E.D.Va., February 26, 1979) (due process does not require appeal from administrative hearings). Cf. Griffin v. Illinois, 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956) (due process does not require a state to provide appeals from criminal convictions).
 
 
 15
 Saharoff does not allege the reparations proceeding was lacking in due process or otherwise constitutionally infirm. Although his registration can be revoked if he fails to pay the award, the interests he asserts are not fundamental in a constitutional sense. O'Day, 536 F.2d at 858-59; Chidsey v. Guerin, 443 F.2d 584, 586-87 (6th Cir. 1971). See Ortwein v. Schwab, 410 U.S. at 659, 93 S.Ct. at 1174; United States v. Kras, 409 U.S. 434, 444-45, 93 S.Ct. 631, 637-638, 34 L.Ed.2d 626 (1973). Under these circumstances, the unavailability of judicial review for failure or inability to post the bond is not a denial of due process. O'Day, 536 F.2d at 858-59.
 
 B.
 
 16
 Saharoff claims the double bond provision amounts to a denial of equal protection of the law. This argument was considered in O'Day.
 
 
 17
 The double bond requirement treats those financially unable to obtain the bond differently from those able to do so. Classifications based on wealth are valid if there is a rational basis to support them. E. g., San Antonio Independent School District v. Rodriguez, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973).
 
 
 18
 The O'Day court held:The automatic doubling of (the reparation award) has no rational relationship to the payment of interest on the award and costs of appeal. If the claim is small, the product will be wholly inadequate; if the claim is large, as in this case, it will be grossly excessive. Risk and security will coincide only fortuitously, if at all. 536 F.2d at 860.
 
 
 19
 The court found there was a rational basis for the bond requirement in securing payment of the reparation award, interest, and costs on appeal, including reasonable attorneys' fees. It invalidated the double bond to the extent it did not approximate that amount. 536 F.2d at 861-62.
 
 
 20
 We adhere to the O'Day rule. The Commission has identified no basis not considered in O'Day which would support the double bond requirement.[2]
 
 
 21
 Here, as in O'Day, there is clear congressional intent to require a bond to secure the award. Determination of the amount is a peculiarly judicial function, and the Act is by its terms to be upheld in any valid application. 536 F.2d 861-62. See 7 U.S.C. § 17. Saharoff was required to file the bond as reduced by the motions panel. His proposed alternatives do not satisfy the statutory requirement.[3]
 
 
 22
 The appeal is dismissed.
 
 
 
 *
 Of the Northern District of California
 
 
 [1]
 In O'Day, judicial review was available in enforcement proceedings as well as in direct appeals from reparation orders. Under the Commodity Exchange Act, the Commission's award is final and conclusive in an enforcement proceeding. 7 U.S.C. § 18(f)
 
 
 [2]
 The Commission suggests one basis for the bond requirement is to assure prompt payment of a reparations award. We see no rational relationship between that goal and doubling the award in fixing the bond
 
 
 [3]
 The statute prescribes explicitly the kind of bond to be filed. Saharoff's alternatives to the form of bond required are clearly unacceptable