GEWIN, Circuit Judge:
This case represents twelve consolidated appeals[1] from three orders of the district court, which served to effectively approve the bankruptcy court’s confirmation of the sale of the bankrupts’ assets to the appellees.[2] We affirm for the reasons stated below.
Appellants were voluntarily adjudicated bankrupts after various rehabilitative measures proved unsuccessful. Subsequent to .his order to show cause why the proposed sale of the principal assets of the bankrupt estates, including the famous Fontainebleau *1386 Hotel and Spa, should not be approved to appellee-Hotelerama, Bankruptcy Judge Thomas C. Britton, for the Southern District of Florida, conducted two lengthy hearings to evaluate all the relevant considerations pertaining to the sale.
Represented by different trial counsel than were before this court on appeal, appellants, at the first hearing, opposed the sale to Hotelerama on two grounds. Initially, they contended that Hotelerama could not possibly be a good faith purchaser since Roland International, a secured creditor of the bankrupts, had a twenty-five percent participation in the purchase offer pursuant to its status as a shareholder of Hotelerama. Secondly, they alleged certain procedural irregularities had been allowed by the bankruptcy court. However, Roland International’s relationship to Hotelerama was fully disclosed during this hearing. All previous offers were rejected and the bankruptcy court directed the trustees to solicit sealed bids.
Three bids were submitted and later considered at a second bankruptcy hearing. Although appellants again objected, the bankruptcy judge followed the trustees’ recommendation, which was supported by quite an extensive analysis, and approved the subsequent increased offer to purchase made by Hotelerama.[3]
Thereafter, the bankrupts petitioned the bankruptcy court for a stay of the sale pending their appeals to the district court challenging the propriety of the sale order. Bankruptcy Judge Britton granted the stay conditioned upon the posting of a $10,000,-000.00 supersedeas bond. Since the bond was not posted as required, the sale was consummated on March 14, 1978. Nevertheless, the appellants’ appeals to the district court were still pending.
Appellees moved to dismiss these appeals as moot arguing that the sale could not be affected by any appellate order since it was to a good faith purchaser and had not been stayed as demanded by Bankruptcy Rule 805.[4] The district court remanded the appeals to the bankruptcy judge with directions to determine the good faith status of Hotelerama.
Bankruptcy Judge Britton reasoned that no further hearings were necessary since all the appellants’ allegations of bad faith were already matters of record and known personally by him. The bankruptcy court’s order on remand, issued on June 26, 1978, found that Hotelerama was a good faith purchaser. Three days later, on June 29, 1978, the district court, without a hearing, adopted the findings upon remand in all *1387 respects thereby dismissing the bankrupts appeals from the sale order as moot under Rule 805.[5]
Appellants then proceeded with an appeal to this court seeking relief from the June 29,1978 district court dismissal order. Concurrently, they filed an appeal in district court from the June 26, 1978 bankruptcy court remand order. In response, appellees moved to dismiss for lack of jurisdiction. Appellants replied by cross-motion, under Rule 60(b) of the Federal Rules of Civil Procedure, petitioning the district court for redress from its June 29, 1978 dismissal order.
Meanwhile, the bankrupts moved this court to hold its proceedings in abeyance and to consolidate appeals, while awaiting the district court’s formal review of the June 26, 1978 bankruptcy court’s order on remand. On October 6, 1978, then Chief Judge Brown of this court granted the motion.[6]
Upon District Judge Fulton’s transition to senior status, all then pending Fontainebleau appeals were transferred to Judge Gonzales, who conducted a status conference on January 25, 1979. Four days later on January 29, 1979, Judge Gonzales rendered four orders granting appellees’ motion to dismiss the appeals from the June 26, 1978 bankruptcy court order on remand for lack of jurisdiction. Thereafter, on February 5, 1979, the district court also denied appellants’ Rule 60(b) motion reasoning that the procedures used to reach its June 29, 1978 dismissal order were legally sound.
On two subsequent occasions the appellees moved this court to dismiss all appeals as moot. Although one request was denied, the other was carried with the case. Moreover, both parties were permitted to supplement the record.
It has long been recognized that a fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970); Armstrong v. Manzo, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965). Some form of hearing must be accorded an individual before he is finally deprived of a property interest. Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Nevertheless, “[i]n assessing what process is due ..., substantial weight must be given to the good-faith judgments of the individuals charged by Congress with the administration of . . . programs that the procedures they have provided assure fair consideration of the *1388 ... claims of individuals.” Id. at 349, 96 S.Ct. at 909, 47 L.Ed.2d at 41.
Affording such weight to the good-faith judgment of the bankruptcy judge,[7] we find that the June 26, 1978 order on remand did not violate the appellants’ rights to due process.[8] Bankruptcy Judge Britton stated the following in that order:
In arriving at the foregoing findings [that Hotelerama was a good faith purchaser], I have reexamined and reconsidered the assertions of bad faith made by the bankrupts through counsel . . ., which is a part of the file presently remanded to this court. As counsel has stated, all the facts relied upon by him in support of his charges of bad faith are already matters of record in this case and directly known by me.
The order of remand leaves to this court’s determination whether any further hearings are necessary. Because time is a compelling factor in this case and because the order of remand reached this court immediately after I had left on vacation, regrettably this court’s response has already been delayed [twenty-six days during which appellants never requested a hearing]. It has never been suggested to this court by the bankrupts that they rely, in support of their assertion of bad faith, on any matters not already in the record. The matter was argued at length before me by able counsel and relates to matters that had occurred before me. Under these circumstances, I do not believe the entry of this order should be further delayed for additional hearings before this court (emphasis added).
As noted by the bankruptcy judge, he had already heard the bad faith allegations on a number of occasions. It appears from the record that if the bankrupts had wished to introduce any other evidence relevant to bad faith, they had many opportunities in which to do so.[9] The bankruptcy court surely was not obligated to rehear contentions which had been considered earlier at a hearing where the appellants were accorded due process. See Christhilf v. Annapolis *1389 Emergency Hospital Ass’n, 496 F.2d 174, 179 (4th Cir. 1974). We believe Bankruptcy Judge Britton acted with the due process entitlement of appellants in mind, however, he balanced these individual rights against the public’s interest in expediting and finalizing bankruptcy sales.[10] Consequently, no evidentiary hearing was required in order to reach a good faith finding upon remand.[11]
It is a well-known legal principle that the factual findings of a bankruptcy court must be accepted and affirmed unless the appellate court finds them clearly erroneous. In re Bardwell, 610 F.2d 228 (5th Cir. 1980); In re Hammons, 614 F.2d 399 (5th Cir. 1980); In re Perimeter Park Inv. Assoc., 616 F.2d 150 (5th Cir. 1980); Martin v. Mercantile Financial Corp., 404 F.2d 886 (5th Cir. 1968); Lawrence Warehouse Co. v. McKee, 301 F.2d 4 (5th Cir. 1962); 1 Collier on Bankruptcy ¶ 3.03(8)(a), at 3-314 (15th ed. 1979). “An appellate court may not consider the evidence de novo, . . . and must be particularly reluctant to disregard a finding based on evaluation of testimony drawing credibility into question.. . . Merely because a reviewing Court on the same evidence may have reached a different result will not justify setting a finding aside. . . . ” In re Multiponics, Inc., 622 F.2d 709, 723 (5th Cir. 1980) (emphasis added).
As an appellate tribunal, we must give deference to the finding of the referee, who was in closer proximity to the economic life of the bankrupt, to the parties involved in its birth and demise, and to its transactional history. Moreover, application of the clearly erroneous doctrine becomes paramount when, as here, the district court has approved the referee’s determination.
DeMet v. Harralson, 399 F.2d 35, 38 (5th Cir. 1968).
The district court judge, without a hearing but after a full examination of the bankruptcy court’s good faith finding, determined that such a factual determination was not clearly erroneous. As a result, it was learned that all the prerequisites for the applicability of Bankruptcy Procedural Rule 805 had been met.[12] Since a stay of the sale order to a good faith purchaser had not been obtained, no action of any appellate court could affect the sale. Inasmuch as the district court was acting as an appellate court at the time, the appeals were found to be moot. We agree in every respect.
The bankruptcy court properly conditioned its grant of a stay of the sale order *1390 upon the posting of a supersedeas bond.[13] Not only does Rule 805 explicitly state that as an appellate court the district court was powerless to affect the sale to a good faith purchaser since a stay was not acquired, but realistically it was in no position to grant effective alternative relief anyway because the sale was already consummated.[14] Accordingly, the district court was correct in its June 29, 1978 order dismissing the appeals as moot under Rule 805.[15]
Since we have ascertained that the June 26, 1978 bankruptcy court order and the June 29, 1978 district court order were proper in all respects, then even if the district court orders of January 29, 1979 and February 5, 1979 were incorrect, such error was harmless and therefore inconsequential. Fed.R.Civ.P. 61. Furthermore, the mootness dismissal motion, which was carried with the case, in view of our ruling need not be decided. In conclusion, all orders appealed from are affirmed.
AFFIRMED.

. The appellants, four voluntarily adjudicated bankrupts, appealed from three district court orders. The appellants are three affiliated corporations (Fontainebleau Hotel Corporation; Bleaufontaine, Incorporated; and Bluevack, Incorporated) and their principal shareholder (Ben Novack). The appellees are the trustees in bankruptcy (R. C. Gardner, Jr. as trustee for Bleaufontaine and Bluevack; Larry Gilbert as trustee for Fontainebleau and Novack) along with the purchaser and two related parties (Hotelerama Corporation, the actual purchaser; Hotelerama Associates, Limited, the assignee of the assets purchased by Hotelerama Corporation; and Roland International Corporation, a secured creditor of the bankrupts who is also a shareholder in Hotelerama Corporation).

. The following chronology, with asterisks to indicate the three orders which are the subject of this consolidated appeal, should prove most helpful in understanding the rather involved factual and procedural history of this case.
Date Event
October 17, 1977 Appellants voluntarily adjudicated bankrupt.
November 4, 1977 Bankruptcy court issued order to show cause why the assets should not be sold to Hotelerama. Appellants opposed the sale.
November 22, 1977 Bankruptcy court held its first hearing on the proposed sale.
December 2, 1977 Second hearing on proposed sale.
December 7, 1977 Sale approved. Trustees enter into letter agreement of clarification.
December 16, 1977 Appellants institute “merit appeals” to district court and seek stay of sale from the bankruptcy judge pending appeal.
December 29, 1977 Hearing on motion to stay.
December 30, 1977 Bankruptcy Court granted the stay conditioned upon the posting of a $10,000,000.00 supersedeas bond on or before January 4, 1978.
March 14, 1978 Sale consummated because bond not posted.
Date Event
April 6, 1978 Appellees moved the district court to dismiss the appeals as moot under Rule 805. Appellants opposed by contending that Rule 805 is inapplicable since Hotelerama was not a good faith purchaser.
April 20, 1978 Hearing in district court on dismissal motion. District court ordered the bankruptcy court to stay any further action in order to maintain the status quo.
May 30, 1978 District court remanded issue of good faith to the bankruptcy court.
June 26, 1978 Bankruptcy court, without another hearing, found Hotelerama was a good faith purchaser in its order issued upon remand. Appellants were given until July 26, 1978 to appeal.
* June 29, 1978 District court granted appellees’ motion to dismiss and lifted its April 20, 1978 stay of any further action by the bankruptcy court.
July 25, 1978 Appellants appeal the “good faith” finding to district court. Concurrently, they appeal the dismissal order to this court.
October 6, 1978 This court consolidated appeals and held them in abeyance.
January 25, 1979 District court held status conference to consider: (1) appellees’ motion to dismiss appellants’ appeals of the June 26, 1978 order for lack of jurisdiction; and (2) appellants’ Rule 60 (b) cross-motion seeking relief from its June 29, 1978 dismissal order.
* January 29, 1979 District court dismissed the appeals from the June 26, 1978 bankruptcy court order.
* February 5, 1979 District court denied the Rule 60(b) motion.
June 28, 1979 This court denied the appellees’ motion to dismiss for mootness.
September 29, 1980 This court carried with the case a second mootness dismissal motion made by the appellees.

. Appellants allege that they were deprived of their due process rights because they did not receive notice of various hearings and orders throughout the bankruptcy sale proceedings. After a careful review of the record, we find that the bankrupts, through former counsel, did in fact attend many of the hearings. Moreover, several of the orders note that copies were furnished to the appellants’ counsel.
Even if there is a question as to notice, the bankrupts were obviously aware of many of the ongoing hearings and orders as evidenced by their attendance and responses. Consequently, they should have known the matters complained of were still pending. See DeMet v. Harralson, 399 F.2d 35, 39 (5th Cir. 1968).

. Rule 805, in pertinent part, reads as follows:
A motion for a stay of the judgment or order of a referee, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be made in the first instance to the referee. Notwithstanding Rule 762 but subject to the power of the district court reserved hereinafter, the referee may suspend or order the continuation of proceedings or make any other appropriate order during the pendency of an appeal upon such terms as will protect the rights of all parties in interest. A motion for such relief, or for modification or termination of relief granted by the referee, may be made to the district court, but the motion shall show why the relief, modification, or termination was not obtained from the referee. The district court may condition the relief it grants under this rule upon the filing of a bond or other appropriate security with the referee. A trustee or receiver may be required to give a supersede-as bond or other appropriate security in order to obtain a stay when taking an appeal. Unless an order approving a sale of property ... is stayed pending appeal, the sale to a good faith purchaser . .. shall not be affected by the reversal or modification of such order on appeal, whether or not the purchaser .. . knows of the pendency of the appeal.
Rules Bankr. Proc. Rule 805, 11 U.S.C.A. (emphasis added).

. The bankrupts note that they were deprived of their rights to due process because when the district court remanded the appeals, it also expressly denied the appellees’ motion to dismiss. Consequently, the appellants contend that the district court had no dismissal motion before it when it granted relief on June 29, 1978. Moreover, it is submitted that the good faith finding relied upon by the district court was not even final since the bankruptcy judge had given one month in which to file an appeal.
We agree with the February 5, 1979 statement, made by the district court judge who later assumed responsibility for all these appeals, that these actions of the district court:
when considered as a whole, clearly remanded the appeals to the Bankruptcy Judge for the limited purpose of making further findings on the issue of the good faith of the purchaser of Bankrupts’ assets so that the District Court would have a complete record before it when ruling on the Motion to dismiss.
The district court obviously never truly denied the appellees’ motion. We believe the word “denial” merely meant that the ultimate decision would be postponed until after' the record was completed. See infra note 8, at 1388. Therefore, the district court acted properly when it finally ruled on the pending dismissal motion in its June 29, 1978 order.
Furthermore, the bankrupts’ finality argument does not recognize that any appeal of the good faith finding would have been to the same district court in any event. Undoubtedly after a thorough review, the district court found that the factual finding was not clearly erroneous when it was incorporated into the final Rule 805 determination. As a result, any appeal would have been inconsequential.

. Appellants contend that the district court subsequently failed to comply with Judge Brown’s order. This assertion is made without any explanation or support.

. The bankruptcy court relied upon the definition of a good faith purchaser found in In re Rock Industries Machinery Corp., 572 F.2d 1195 (7th Cir. 1978). That court reasoned that such “speaks to the integrity of his [purchaser] conduct in the course of the sale proceedings. Typically, the misconduct that would destroy a purchaser’s good faith status .. . involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.” Id. at 1198. Although the appellants do not question the above rationale’s applicability, we feel such a characterization is most'appropriate in this type of situation.

. We find the following language in the May 30, 1978 district court order remanding the appeals to the bankruptcy court quite relevant:
In circumstances such as these, this Court considers the appropriate course of action to be a remand of the appeals to the Bankruptcy Judge for consideration and entry of a finding as to whether the purchaser was a good faith purchaser. Such action would not be required in all cases involving the sale of a bankrupt’s property where a stay is not granted. However, in this case, where the issue of the good faith of the purchaser was raised in the Bankruptcy Court, it appears proper to remand the cases to that Court for further findings. Such action may not require the Bankruptcy Court to have a further hearing or to take testimony. The Bankruptcy Judge can best judge whether any further hearings are necessary, for he is the one who has been privy to ail the prior proceedings. The case is merely remanded for the purpose of allowing the Bankruptcy Judge to consider the issue of good faith and make a finding thereon, on whatever evidence he deems proper. It should be noted that time is of the essence to all the parties in the bankruptcy proceeding and further lengthy delays would adversely affect the arrangements which have been completed. The Court is vitally aware of this problem, but taking into consideration all the arguments and memoranda which have been submitted, a remand for the limited purpose stated is the proper action (emphasis added).

. Appellants raised the good faith issue in at least the following five instances: (1) the November 22, 1977 “good faith” hearing on the petition for Chapter X conversion held before Bankruptcy Judge Britton where witnesses were called and exhibits were introduced into evidence; (2) the December 29, 1977 hearing on the motion to stay; (3) their response to the motion to dismiss as moot; (4) their memorandum of law in support thereof; and (5) the April 20, 1978 hearing on the dismissal motion.

. If deference were not paid to the policy of speedy and final bankruptcy sales, potential buyers would not even consider purchasing any bankrupt’s property. As a result, the bankrupt’s creditors would be the ones most injured thereby. The public has a keen interest in protecting such creditors. Otherwise, financing might become a thing of the past.

. In DeMet v. Harralson, 399 F.2d 35 (5th Cir. 1968), the appellants were the organizers and operators of the bankrupt corporation. The court reasoned that they “were privy to the bankrupt’s transactions, and a comprehensive due process evidentiary hearing which the court might accord a stranger need not always be tendered to intimates and beneficiaries of the transactions.” Id. at 40. Moreover, since the appellants “were continuous and active participants in the bankruptcy proceedings . .. [such] proceedings .. . were no trap for the unwary....” Id.
The appellants in the instant case certainly were continuous and active participant's throughout the bankruptcy proceedings with knowledge of all the relevant facts. In any event, the bankrupts had nearly one month from the date the appeals were remanded in which to have requested an evidentiary hearing. They never did. Furthermore, they seem to have acknowledged that all the facts pertinent to the bad faith allegations were already in the bankruptcy court record and known personally by Judge Britton. Therefore, the facts support the conclusion that the good faith determination was a proper supplemental finding that required no full-scale evidentiary hearing.

. See supra note 4, at 1386. We must remember that Rule 805 was meant to provide finality and repose to judgments and orders of the bankruptcy courts. Moreover, it was the result of a policy determination that the continued integrity of the judicial sale process, upon which good faith purchasers rely, must be protected. 14 Collier on Bankruptcy 11-62.03, at 11-62-10, 11, & 12 (14th ed. 1943). See generally In re Lewis Jones, Inc., 369 F.Supp. 111 ( E.D. Pa. 1973).

. “Under the language of Rule 805, the referee and district judge are vested with the widest possible discretion in deciding the question of whether or not to stay enforcement pending appeal.” 13 Collier on Bankruptcy * 805.06, at 8-55 (14th ed. 1943). “The reason for requiring a bond is to secure the prevailing party against any loss that he may sustain as a result of an ineffectual appeal.” Id. '' 805.09, at 8-57.

. An appellant is not obliged to seek a stay pending appeal. The only consequence of failing to obtain a stay is that the prevailing party may treat the judgment or order of the referee as final, notwithstanding an appeal is pending. But as a practical matter, situations will arise where what may be done under the order by the prevailing party is beyond the power of the district judge to undo by reversal of the order. In such a case, seeking a stay becomes mandatory.
Otherwise, the appeal may be dismissed as moot. Id. ‘ 805.04, at 8-53 (emphasis added).
“There appears to be a particular danger of dismissal for mootness and thus a special need for seeking a stay when the .. . impending sale of property” is not enjoined. 9 Moore’s Federal Practice ' 208.03, at 8-10 & 11 (2d ed. 1980).

. In re Dutch Inn of Orlando, Ltd., 614 F.2d 504, 506 (5th Cir. 1980); In re Rock Industries Machinery Corp., 572 F.2d 1195, 1197 (7th Cir. 1978); In re National Homeowners Sales Service Corp., 554 F.2d 636, 637 (4th Cir. 1977); In re Abingdon Realty Corp., 530 F.2d 588, 590 (4th Cir. 1976); Country Fairways, Inc. v. Mottaz, 539 F.2d 637, 641 (7th Cir. 1976); Local Joint Exec. Bd., AFL-CIO v. Hotel Circle, Inc., 419 F.Supp. 778, 783-84 (S.D. Cal.1976), aff’d, 613 F.2d 210 (9th Cir. 1980).