**In re CITIZENS MORTGAGE INVEST-
MENT TRUST, A Massachusetts Trust
With Transferable Shares, Debtor.**

**SEE MORE LIGHT INVESTMENTS
et al.,**

v.

**William A. BROWN, Trustee.**

**Bankruptcy No. 78–1878–JG.
Appeal No. 81–2690–G.**

United States District Court,
D. Massachusetts.

Dec. 17, 1982.

Daniel C. Cohn, Frederick G. Fisher, Jr., C. Hall Swaim, Hale & Dorr, Boston, Mass., for debtor.

Marvin E. Jacob, Associate Regional Admin., S.E.C. Regional Office, New York City, for intervenor.

William A. Brown, Hertz, N. Henkoff, Mel Hoffman, Barron & Stedfeld, Boston, Mass., for trustee.

## MEMORANDUM AND ORDER DISMISSING APPEAL

GARRITY, District Judge.

The issue before the court is whether we should dismiss as moot the appeal of See More Light Investments of the bankruptcy court's order of August 14, 1981 approving the sale of certain property at Lake St. Louis, St. Charles, Mo. to West Side Financial Services Corporation. For the reasons stated below, we conclude that the appeal is moot and order it dismissed.

### Background

This appeal arises out of a Chapter X proceeding which the debtor commenced. In May 1981 the trustee (appellee here), William A. Brown, applied to sell the estate's 50% interest in certain participation agreements governing the disposition of the Lake St. Louis real estate to William A. Walker for $2.5 million. Walker, as the principal of Endeavor, Inc., the independent contractor C.M.I.T. had employed as project and sales manager at Lake St. Louis, had participated in the management of the property. For reasons described below, various parties objected to the sale to Walker. Judge Gabriel, after hearing on July 2, 1981, granted the trustee's motion for a continuance of one month to investigate allegations about Walker. At the subsequent hearing on July 31, 1981, the trustee replaced Walker as purchaser with West Side; Judge Gabriel granted all parties an additional week to submit a final written offer. Estates Company made an offer. Judge Gabriel approved the sale to West Side on August 14, 1981 and issued a memorandum on September 2, 1981. See More Light Investments filed an appeal on August 20, 1981. On that day, it also filed in the bankruptcy court a motion to stay the order pending appeal. After hearing, the bankruptcy court denied the motion. Later that day, appellant filed a motion for stay in the United States District Court for this district. After hearing, Judge Keeton, acting as emergency judge, denied the motion. See Bankruptcy Rule of Procedure 805.

The trustee moved on January 4, 1982 to dismiss the appeal, on the grounds that it was moot, in accordance with Rule of Bankruptcy Procedure 805. That rule provides, in relevant part,

Unless an order approving a sale of property ... is stayed pending appeal, the sale to a good faith purchaser ... shall not be affected by the reversal or modification of such order on appeal, whether or not the purchaser ... knows of the pendency of the appeal.

The parties filed briefs on the trustee's motion, and on January 25, 1982 the court heard argument, after which we took the motion under advisement. Upon discovering that the file on appeal did not include all items which appellant had designated, we deferred decision until the record was completed. We issued procedural orders on

February 2, 1982, April 28, 1982 and on June 24, 1982 directing appellant to produce the missing item, a transcript of the hearing before Judge Gabriel on July 31, 1981. That transcript was finally erroneously filed in the bankruptcy court clerk's office on June 15, 1982 and was not rerouted to our files until the next month. After considering the written record on appeal and having heard oral argument, see *Greylock Glen Corp. v. Community Savings Bank,* 1 Cir.1981, 656 F.2d 1, 3, we now grant the trustee's motion.

The court clearly has jurisdiction to consider the trustee's motion to dismiss, which is predicated on his claim that the appeal is moot. *Greylock Glen Corporation v. Community Savings Bank, supra.*

 Since the order approving sale of the Lake St. Louis property was not stayed pending appeal, the sale cannot be affected if it was made to a good faith purchaser. Bankruptcy Rule of Procedure 805; *Greylock Glen Corp. v. Community Savings Bank, supra.* Appellant argues that neither Walker nor West Side are good faith purchasers since both "were well aware of the breaches of trust committed by Walker." Although the bankruptcy laws do not define good faith purchaser, the Court of Appeals for the First Circuit has applied the "traditional definition of the phrase"—i.e., "one who purchases assets for value, in good faith, and without knowledge of adverse claims." *Greylock Glen Corp. v. Community Savings Bank, supra* at 4. Appellant does not contend here that West Side did not purchase for value. In any event, Judge Gabriel's analysis of the evidence before him establishes that the estate did receive fair value for the property it sold. Appellant does, however, contend that good faith was absent. The good faith requirement addresses the integrity of the purchaser's conduct in the course of the sale proceedings. "Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders."

*In re Rock Industries Machinery Corp.,* 7 Cir.1978, 572 F.2d 1195, 1198. Knowledge of adverse claims or of alleged irregularities does not prevent a purchaser from acquiring good faith status. *Ibid.* at 1198–99; *In re Dutch Inn of Orlando, Ltd.,* 5 Cir.1980, 614 F.2d 504, 506.

The court below found that West Side was deemed to be a good faith purchaser. Unfortunately, the court did not give the "good faith" requirement the same scrutiny in its opinion that it gave the "value" question; instead it stated only its conclusion without presenting any analysis. Still, this conclusion of fact must be accepted unless "clearly erroneous". *In re Bleaufontaine, Inc.,* 5 Cir.1981, 634 F.2d 1383, 1389. Our review of the record does not convince us that this fact finding was "clearly erroneous".

Initially, the trustee proposed to sell the Lake St. Louis property to Walker. Walker had managed that property prior to the Trustee's acquisition of it, and continued to do so thereafter. Appellant alleges that Walker breached his fiduciary duties by discouraging bids by outsiders, by using for personal purposes confidential price information to which he had access as a fiduciary, and by using his mother-in-law as a purported outside purchaser when she was a straw for him. The trustee requested and was granted an additional month to investigate these allegations. Upon completing that inquiry, he reported his conclusion that the estate had causes of action against Walker for breach of fiduciary duty and he recommended that the sale be made to West Side instead even though West Side would act essentially as a straw for Walker. Although the trustee concluded that no legal impediment precluded a direct sale to Walker, he reasoned that sale to West Side would eliminate the potential argument that the estate had waived its claims against Walker by selling to him. West Side accordingly purchased the property for a price nominally above Walker's offer. In addition, it agreed to indemnify the estate for any claim by Walker, Endeavor, a broker or any other party. The trustee's rights against Walker were explicitly preserved.

**1008**

■ We do not view the bankruptcy court's finding of good faith as "clearly erroneous". The record on appeal, which appellant prepared, contains the allegations stated above but is essentially bereft of sufficient evidentiary materials, in the form of affidavits, depositions or stipulations upon which this court could find that the decision below was clearly erroneous. Appellant had ample opportunity to provide such materials but did not do so. See *Greylock Glen Corporation v. Community Savings Bank, supra* at 3–4; *In re Bleaufontaine, Inc., supra* at 1388. Moreover, the broad indemnity agreements and the reservation of rights against Walker protect the rights of those with claims to share in the estate. Since the order approving the sale of the property was not stayed pending appeal and since the sale was to a good faith purchaser, we find that this court cannot, under Rule 805, affect the sale and that therefore the appeal is moot. See *Greylock Glen Corp. v. Community Savings Bank, supra; In re National Homeowners Sales Service Corp.,* 4 Cir.1977, 554 F.2d 636, 637; *In re Abingdon Realty Corp.,* 4 Cir. 1976, 530 F.2d 588, 590; *In re Bleaufontaine, Inc., supra* at 1390; *Country Fairways, Inc. v. Mottaz,* 7 Cir.1976, 539 F.2d 637, 641. See also 9 *Moore's Federal Practice* § 208.03, pp. 8–10, 8–11 (1982); 13 *Collier on Bankruptcy* § 805.04, pp. 8–53, 8–59 (1977).

■ Appellants contend, however, that Bankruptcy Rule 805, if applied as the trustee suggests, would violate the due process clause of the Fifth Amendment by denying appellants a right of appeal. Appellant contends that "once the right of appeal is given it cannot be circumscribed." This proposition is far too broad. The Federal Rules of Appellate Procedure impose numerous requirements on appellants, yet surely these procedures would survive a wholesale constitutional attack based on the proposition appellant proposes. Due process does not require that an appellate court hear argument before deciding, *Magnesium*

*Casting Co. v. Hoban,* 1 Cir.1968, 401 F.2d 516, 518, *cert. denied,* 1969, 393 U.S. 1065, 89 S.Ct. 720, 21 L.Ed.2d 708, nor does it confer "a right to interminably litigate [an] issue", *Clarkson Construction Co. v. Occupational Safety and Health Review Commission,* 10 Cir.1976, 531 F.2d 451, 456. Nor do the two cases appellant cites, *Castle v. United States,* 5 Cir.1968, 399 F.2d 642, 650, and *Boykin v. Huff,* D.C.Cir.1941, 121 F.2d 865, stand for the broad principle which appellant contends governs this case. To begin, both cases discussed restrictions on access to post-conviction relief in criminal cases. *Castle* does contain the statement that "it is undisputed that once appellate review is provided, due process requires that it remain unfettered." *Castle v. United States, supra* at 650. But that general dictum is far broader than the more particular discussion of applicable legal principles that follows. See *Ibid.* at 650–51. *Boykin* comes closer than does the *Castle* dictum to presenting accurately the relevant rule; it states that when Congress grants a right to appellate review "it is not free from all constitutional restrictions, including the obligation not to make unreasonable discriminations." *Boykin v. Huff, supra* at 872.

■ Due process does not require in a civil case that access to appellate review, once granted, be subject to no conditions but rather that any restrictions imposed be related in a rational way to a legitimate governmental objective and be applied in a manner which does not discriminate arbitrarily or capriciously. *Lindsey v. Normet,* 1972, 405 U.S. 56, 77–78, 92 S.Ct. 862, 876–877, 31 L.Ed.2d 36; *Saharoff v. Stone,* 9 Cir.1980, 638 F.2d 90; *O'Day v. George Arakelian Farms, Inc.,* 9 Cir.1976, 536 F.2d 856, 859–60;[1] cf. *Griffin v. Illinois,* 1956, 351 U.S. 12, 18, 76 S.Ct. 585, 590, 55 L.Ed.2d 1055.

■ We believe Bankruptcy Rule 805 comports with that standard. It does not, by its terms, preclude an appeal in all cases. Rather, it provides only that an appellate court may not affect a sale to a good faith

1. A higher standard may be required when a suspect class or fundamental right is involved but we need not, and do not, reach that question to resolve the issue presented here.

purchaser unless the order of the bankruptcy court approving the sale is stayed pending appeal. The rule imposes, therefore, a very narrow restraint. If the sale is not to a good faith purchaser or if the order granting the sale is stayed, an appellate court is not automatically precluded from affecting the sale. Even if neither condition is met, the rule does not invariably preclude all appellate review but merely insulates the sale. Moreover, the rule clearly serves legitimate objectives to which it is rationally related. The purposes of Rule 805 include giving finality to orders and judgments of the Bankruptcy court upon which innocent third parties rely and encouraging reliance on the judicial sale process. *In Re Bleaufontaine, Inc., supra* at 1389 n. 12; *In Re National Homeowners Sales Service Corp., supra* at 637; 14 *Collier on Bankruptcy* § 11–62.03, p. 11–62–11 (14th ed. 1976). The rule serves these related purposes by making final sales to good faith purchasers unless the party challenging the sale secures a stay before the transaction is complete. Further, the rule contains no arbitrary classification apparent to us. Finally, we note that the rule affords parties, like appellant, ample process. Judge Gabriel initially heard appellant at length. He and Judge Keeton each subsequently heard, and denied, appellant's motion for a stay. This court, too, has considered appellant's arguments as presented at hearing and in the file on appeal. Accordingly, we hold that Bankruptcy Rule 805 is constitutional as applied here and that, by its terms, it makes this appeal moot.

Appellant also argues that even if the court cannot set aside the sale its appeal is not moot since the court could grant other relief against Walker and West Side. It is not clear what relief could be granted. Neither Walker nor West Side is a party to this appeal. They are not before the court. The only parties before the court are the appellants and the trustee. Quite clearly, appellant does not seek relief against the trustee; indeed it has lavishly praised the trustee's handling of his responsibilities. Accordingly, appellants' third point must fail also.

■ In doing so, it highlights the real obstacle appellant faces. This appeal is moot not only because the requirements which Rule 805 imposes have not been met here; it is also moot since there is no party before the court against whom the desired relief can be granted. The Court of Appeals addressed this precise problem in *In Re Royal Properties, Inc.,* 9 Cir.1980, 621 F.2d 984, 986, where it said:

> The appellants reason that the buyers here were not good faith purchasers, so their rights may be affected even in the absence of a stay. This argument does not, however, address the real problem— even if the buyers do not come within the protection of rule 805, they are not parties to the appeal before the court, and the court therefore cannot give any relief that would affect them.

See also *In Re Bleaufontaine, Inc., supra* at 1390.[2] We agree and adopt this language and the reasoning it summarizes. No actual controversy is before us that we can affect. This provides a second, and independent, ground for our conclusion that this appeal is moot.[3]

**2.** We note that the Court of Appeals for the First Circuit did not make this point, which several other circuits have made, in *Greylock Glen Corp. v. Community Savings Bank, supra.* The point would have been inapposite there. In *Greylock,* unlike the present case, the purchaser was before the reviewing courts as the appellee. Accordingly, had the order approving the sale been stayed pending appeal, or had the appellee not been a good faith purchaser, the reviewing court could have granted relief against it. The absence of the purchaser from this appeal distinguishes this case.

**3.** Courts which have declined to dismiss appeals from orders of a bankruptcy court confirming sales have relied on various factors— that "all essential parties are before the court," *In Re Cada Investments, Inc.,* 9 Cir.1981, 664 F.2d 1158, 1160, that the order allowing the sale conditioned the purchaser's rights on the outcome of a pending appeal, *ibid.,* or that the order might affect proceedings below. *In Re King Resources Co.,* 10 Cir.1980, 651 F.2d 1326, 1332; *In Re Combined Metals Reduction Co.,* 9 Cir.1977, 557 F.2d 179, 194–95. These factors are not present here.