## OTTENHEIMER v. WHITAKER.

### No. 6444.

United States Court of Appeals
Fourth Circuit.

Argued July 1, 1952.

Decided Aug. 4, 1952.

Robert H. Williams, Jr., Baltimore, Md., for appellant.

Frederick J. Green, Jr., Asst. U. S. Atty., Baltimore, Md. (Bernard J. Flynn, U. S. Atty., Baltimore, Md., on the brief), for appellee.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and HAYES, District Judge.

SOPER, Circuit Judge.

The trustee in bankruptcy of Eastern Transportation Company petitioned the District Court for leave to abandon, as burdensome assets of the estate, certain floating barges belonging to the bankrupt. The petition was opposed by the Harbor Engineer of the City of Baltimore and by the Baltimore District Engineer of the United States Army Corps of Engineers on the ground that the proposed abandonment would violate acts of Congress, 33 U.S.C.A. §§ 409 and 411, which are designed to prevent the obstruction of navigable waters.

Prior to the adjudication in bankruptcy on December 8, 1950, Eastern Transportation Company operated a fleet of barges and tugs in the Baltimore harbor. Upon the election of the trustee there came into his hands, together with other property, three barges which were floating at Anchorage No. 8 in the harbor. One of these barges was appraised for $300 and the othed two for $500 each. The trustee endeavored to sell the barges at public sale but no bidders attended, and subsequent ef-

forts to dispose of the barges were unsuccessful. The trustee then petitioned the court as aforesaid and the matter came on for hearing upon the petition of the Army Engineers. It was found that the vessels were in a dilapidated condition and were worthless, and that if they were abandoned, they would sink at the anchorage; and the court therefore denied permission to abandon them in view of the provisions of 33 U.S.C.A. § 409. This section provides in effect that it shall not be lawful to anchor vessels in navigable channels in such a manner as to prevent or obstruct the passage of other vessels or craft, or to voluntarily or carelessly sink or permit or cause to be sunk vessels or other craft in navigable channels. The penalty for the violation of this section is provided in 33 U.S.C.A. § 411 which provides that every person who shall violate or knowingly aid or abet the violation of the provisions of § 409 shall be guilty of a misdemeanor and on conviction, shall be punished by a fine not exceeding $2,500 nor less than $500, or by imprisonment, in the case of a natural person, for not less than 30 days nor more than one year or both such fine and imprisonment, in the discretion of the court.

Having these statutory provisions in mind the District Court not only denied the trustee's permission to abandon the barges, but directed the trustee to remove them from the anchorage under the direction of the Army Engineers, and further directed that the cost of the removal should be borne by the bankrupt estate and included in the administration expenses thereof, to be stated later in the trustee's report.

The appellant relies upon the well settled rule that a trustee in bankruptcy is not compelled to accept property which, in his judgment, is of an onerous and unprofitable nature and would burden rather than benefit the estate; and hence he may elect within a reasonable time whether to accept an asset or not; and if he decides to refuse it he may petition the court for leave to abandon, which ordinarily will not be withheld unless the court finds that the trustee is mistaken in his judgment. Dushane v. Beall, 161 U.S. 513, 515, 16 S.Ct. 637, 40 L.Ed. 791; Quinn v. Gardner, 8 Cir., 32 F.2d 772, 773; Lincoln Nat. Life Ins. Co. v. Scales, 5 Cir., 62 F.2d 582, 585.

This rule would be applicable here were it not for the unusual consequences that would follow. There can be no doubt that the property not only has no value, but also that the care and disposition of it will involve the expenditure of a substantial sum of money. But it is equally true that if the trustee abandons the barges and at the same time holds on to the valuable assets of the estate, the title to the barges will revert to the bankrupt and he will be left without means to care for or dispose of them in the manner prescribed by the statute.

In that event, the barges would sink and become an obstruction to the passage of other vessels, and it might well be held that the bankrupt or the trustee had become liable to the punishment of fine or imprisonment prescribed by the statute for the person who voluntarily or carelessly allows a vessel to be sunk in a navigable channel. It seems obvious to us that a rule which is not provided by statute but built up by the courts to facilitate the administration and distribution of the assets of a bankrupt estate should not be extended so as to reach such an unreasonable and unjust result. The judge-made rule must give way when it comes into conflict with a statute enacted in order to ensure the safety of navigation; for we are not dealing with a burden imposed upon the bankrupt or his property by contract, but a duty and a burden imposed upon an owner of vessels by an Act of Congress in the public interest.

It follows that the judgment of the District Court must be approved not only as to the denial of permission to abandon but also as to the requirement that the barges be removed at the expense of the estate.

Affirmed.