**QUINN v. GARDNER et al.**

**In re EWERT.**

Circuit Court of Appeals, Eighth Circuit.
April 9, 1929.

No. 8361.

See, also, 28 F.(2d) 270.

Howard G. Fuller, of Pierre, S. D. (Will G. Robinson, of Pierre, S. D., on the brief), for appellant.

Chambers Kellar, of Lead, S. D. (Gardner & Churchill, of Huron, S. D., and O'Keeffe & Stephens, of Pierre, S. D., on the brief), for appellees.

Before STONE and KENYON, Circuit Judges, and JOHNSON, District Judge.

KENYON, Circuit Judge. This case is a sequel to No. 7832, E. M. Quinn, as Trustee for Adolph W. Ewert, Bankrupt, v. Union National Bank of Rochester, Minn., a Corporation, et al., 32 F.(2d) 762 (opinion this day filed). The decree and order of the trial court in that case was filed March 10, 1927, holding valid certain mortgages given by Adolph W. Ewert on personal and real property to his attorneys for fees in litigation present and prospective. The trustee of Ewert, bankrupt, took an appeal from said judgment on March 30, 1927, but secured no supersedeas. That case was set down for hearing at the December, 1927, term of this court before Sanborn and Booth, Circuit Judges, and Munger, District Judge. It was duly argued and submitted on December 14, 1927. Owing to the death of Judge Sanborn before any opinion had been announced in the case the submission was vacated on June 18, 1928, and the case set down for hearing at the December, 1928, term of this court, when it was duly submitted. Some time after the appeal had been taken in No. 7832, the referee upon petition of appellees and after hearings made an order on November 12, 1927, that the properties real and personal upon which appellees had mortgage

liens, the validity of which was questioned in the appeal from the judgment and decree of the District Court, were burdensome to the bankrupt estate and should no longer be considered as an asset thereof or subject to further consideration therein. The referee certified the record and questions involved to the United States District Court for review, and certified for decision the following question: "Where, after a decision by the United States District Court in a controversy between the trustee in bankruptcy and the holders of mortgage liens on real estate, wherein said liens are held to be valid; and where, after an appeal has been taken from such decision by said trustee, such trustee in bankruptcy is unable to furnish supersedeas bond, as by the Court required—a motion is made by the holders of such mortgages before the Referee to require the trustee to set off said property to the said mortgagees as burdensome and disclaim title thereto, and allow foreclosure thereof; should such motion be granted where it appears the said property is without equity and burdensome to the bankrupt estate if the said liens are valid, but that there is a large and substantial equity therein, to said estate, in the event the said liens may ultimately be held to be invalid on said appeal?"

April 16, 1928, the United States District Court entered an order that all proceedings upon questions certified by the referee for review would be postponed until further order of the court, and that the trustee should forthwith pay the taxes upon the quarter section of land covered by the mortgage to the Union National Bank of Rochester. This was done. June 28, 1928, the District Court issued an order requiring the trustee to show cause why the former order postponing the hearing should not be terminated, and why the order of the referee sought to be reviewed by the petition for review should not be affirmed and the petitioners authorized to foreclose their mortgages and the trustee directed to disclaim and abandon title to the property. Some controversy arose concerning the payment of taxes, but finally counsel for the trustee on account of the complexities that had arisen in the procedure consented that the order of postponement should be vacated in order that the petition for review might stand for direct decision. August 18, 1928, the District Court made and entered its order holding: (1) That the previous order of postponement on the hearing for petition for review should be vacated and set aside; (2) that the order of the referee brought up for review, requiring the trustee to set aside said property as burdensome and requiring the trustee to disclaim title therein, and adjudging that the trustee was not a necessary party to any action for the foreclosure of such mortgages, should be affirmed, and that the said mortgagees should be permitted to foreclose such mortgages. Other orders were made, which are unimportant, the one of August 18, 1928, being the one from which this appeal is taken.

It is urged that the District Court erred in affirming the order of the referee in adjudging that the trustee in bankruptcy was not a necessary party to any action for the foreclosure of the mortgages by the appellees; in affirming the order of the referee allowing mortgagees to foreclose the mortgages and in adjudging that the mortgaged property was not subject to further administration in the bankruptcy proceedings, and in directing the trustee to set off the same to the bankrupt as burdensome and to disclaim title therein. Some of these matters become unimportant in view of our holding in case No. 7832.

■ The judgment entered by the trial court holding the mortgages valid was an adjudication of that question up to the time it was reversed or modified. Rooker et al. v. Fidelity Trust Co. et al., 263 U. S. 413, 44 S. Ct. 149, 68 L. Ed. 362. The defeated party had the right to an appeal, and the fact that he was unable to give a supersedeas did not affect the appeal. But proceedings under the judgment were in no way stayed. There being no stay of proceedings the case could proceed normally and appellees had the right under the permission of the bankruptcy court to foreclose their mortgages. That right inhered in the judgment entered by the trial court, and appellant cannot claim the benefit of a supersedeas without doing as the law provides that he do to secure the supersedeas. There was no error in permitting the foreclosure of the mortgages.

■ We do not reach the same conclusion as to that part of the order requiring the trustee to disclaim title in the property covered by the liens as burdensome. While the statutes relating to bankruptcy make no provision as to burdensome property, it is well settled by custom and practice that a trustee in bankruptcy is not compelled to accept property unprofitable to the estate and burdensome to be carried. It is not his duty to take over and administer property where there is no equity for the creditors. There is no reason why a trustee should carry on with worthless property or property incumbered with liens in excess of its value. Rem-

ington on Bankruptcy, vol. 1, p. 524; Collier on Bankruptcy (12th Ed.) p. 1162. General orders made in a bankruptcy court are usually discretionary. This must be so. The peculiar facts and circumstances arising in bankruptcy cases necessitate the exercise of discretion on the part of the referee and judge in making the necessary orders. The appellate courts generally adhere to the rule that they will not interfere with these discretionary orders unless there is an abuse of such discretion. Whether it be termed "abuse of discretion," or "improvident exercise thereof," the meaning is the same, namely, an error of law. Black on Bankruptcy, § 115; In re Horgan et al. (C. C. A.) 98 F. 414; In re North Star Ice & Coal Co. (D. C.) 252 F. 301; In re Weidenfeld (C. C. A.) 254 F. 677; In re Margolies et al. (C. C. A.) 266 F. 203; In re National Grain Corporation (C. C. A.) 9 F.(2d) 802.

Appellants had the right to appeal the prior case and to have the questions raised passed on by the appellate court. The trial court in making the order compelling the trustee to abandon the property as burdensome to the estate passed on the very question involved in the appeal to this court in that case. It in effect determined that its former judgment was correct. This question was not involved in carrying out the decree and order as would be the question of the right to proceed by foreclosure of the mortgages. An appeal would be necessary from the order now in question, or else the decision of this court, if it should reverse the trial court on its holding that the mortgages were valid, would be of no practical effect. It is not equitable in our judgment or fair to the appellant to place it in this position and to practically decide its appeal in advance, and we think any order which does this is an abuse of the court's discretion. This court has reversed the judgment of the trial court as to the validity of the mortgages, which leaves the case the same as if such judgment or decree had not been rendered. 4 Corpus Juris, § 3249. Therefore in the interest of all parties concerned, and as tending to lessen litigation and avoid further confusion by attempts of the trustee to apply remedies under the situation now presented, the order of the court compelling the trustee to abandon interest in the properties covered by the mortgages contested in the former suit should be set aside. If our conclusion is sound in the former case, then of course no order should be entered compelling the trustee to abandon the property.

It was said by the Supreme Court in Butler v. Eaton, 141 U. S. 240, 244, 11 S. Ct. 985, 987 (35 L. Ed. 713): "It is apparent from an inspection of the record that the whole foundation of that part of the judgment which is in favor of the defendant is, to our judicial knowledge, without any validity, force or effect, and ought never to have existed. Why, then, should not we reverse the judgment which we know of record has become erroneous, and save the parties the delay and expense of taking ulterior proceedings in the court below to effect the same object?"

Appellees admit this proposition and candidly say: "However, the Appellees have the candor to admit to the court that there would seem to be no doubt that this second proceeding is entirely contingent and dependent upon the issues involved in the first appeal, and must stand or fall in the final outcome with it." We think it must be true that the issue in this case is contingent upon the decision in the first appeal. The decree and order of the trial court sustaining the order of the referee requiring the trustee to set aside the property as burdensome and to disclaim title therein is set aside and the case is remanded for proceedings in harmony with this opinion and the opinion in No. 7832.

Reversed and remanded.