TAYLOR et al. v. AUSTRIAN et al.
In re CENTRAL STATES ELECTRIC CORPORATION.

No. 5458.

Circuit Court of Appeals, Fourth Circuit.

March 22, 1946.

Thomas C. Egan, of Philadelphia, Pa. (Harry Reiss Axelroth, of Philadelphia, Pa., David J. Mays, of Richmond, Va., Francis E. Walter, of Easton, Pa., Tucker, Mays, Cabell & Moore, of Richmond, Va., and Hastings, Stockly and Layton, of Wilmington, Del., on the brief), for appellants.

Robert G. Butcher, of Richmond, Va., and George Rosier, of New York City (Austrian & Lance, Carl J. Austrian, Saul J. Lance, George H. Schwartz and Isadore H. Cohen, all of New York City, on the brief), for appellees.

Lawrence M. Greene, Atty., Securities and Exchange Commission, of Washington, D. C. (Roger S. Foster, Sol., Securities and Exchange Commission, of Philadelphia, Pa., on the brief), for Securities and Exchange Commission.

Before SOPER and DOBIE, Circuit Judges, and TIMMERMAN, District Judge.

PER CURIAM.

This appeal was taken from an order of the District Court issued on December 10, 1945 wherein the trustees for the Central States Electric Corporation, a debtor in reorganization under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., were authorized to sell certain securities in the debtor's portfolio in order to accomplish a saving of income taxes. The Committee for Holders of 7% Cumulative Preferred Stock of the debtor noted an appeal from this order on December 17, 1945, but failed to take steps to stay the operation and effect of the order; and the trustees proceeded to make the sales and completed them by December 29, 1945.

Under these circumstances the trustees now move this court to dismiss the appeal on the ground that the case has become moot. The motion is opposed by the appellants on the ground that the sale of the securities is not the only issue involved in the appeal. It is suggested that the proposed tax saving was unsound and illusory; that it was a disguised step in an unauthorized plan of liquidation; that the court below did not accord the appellants an adequate hearing, and that the order of the court was not supported by findings of fact and conclusions of law. It is also suggested that the District Court should be directed to order the trustees to repurchase the securities sold so as to undo the harm alleged to have been done, and to refrain from future ill-advised liquidations of securities until a plan of reorganization has been filed and approved. It is obvious, however, that these objections relate to the sale of the securities or to the future conduct and administration of the reorganization proceedings in the District Court. None of the suggestions tend to show that there is any matter now pending in this court which it has the authority to decide.

The motion to dismiss the appeal will therefore be granted.