## In the Matter of STRATFORD FINANCIAL CORPORATION, Debtor.
### No. 63 B 810.

United States District Court
S. D. New York.
March 2, 1967.

Hahn, Hessen, Margolis & Ryan, New York City, Harry A. Margolis and Julius J. Abeson, New York City, of counsel, for reviewing petitioners.

Feuer & Bryer, New York City, for respondent.

MANSFIELD, District Judge.

This is a petition to review a November 3, 1965 order of Referee in Bankruptcy Edward J. Ryan which was made in accordance with a stipulation and order adjusting and compromising controversies between Phareb Associates Company, the respondent (hereinafter "Phareb"), and the debtor, Stratford Financial Corporation. The background is as follows:

By orders dated May 13 and September 21, 1964, Referee Ryan approved a stipulation between Collection Agents for the debtor and Phareb settling differences arising out of liens asserted by Phareb upon its levy of execution of a judgment entered on October 11, 1963 in the sum of $126,898 in its favor against the debtor shortly after the filing of an involuntary petition in bankruptcy and the debtor's filing on October 17, 1963 of a voluntary petition for arrangement. The stipulation provided, among other things, that all of the property subject to Phareb's asserted lien should be collected and that the first $95,173 be paid to Phareb.

Following collection of the funds and the entry on August 13, 1965 of an order by Referee Herbert Lowenthal confirming an amended plan of arrangement, Referee Ryan, upon Phareb's application, entered the November 3, 1965 order directing the Collection Agents to place the sum of $95,173 in escrow with interest to accrue to Phareb, the fund to be turned over to Phareb outright upon its furnishing security against the possibility that certain insurance companies which had petitioned for review of an August 5, 1965 order dismissing their objections to confirmation of the amended arrangement, might be successful. On or about March 4, 1966, these petitions were withdrawn.

The petitioners' principal contention is that under the terms of the amended arrangement the $95,173 placed in escrow for Phareb should have been retained in the debtor's estate, and that the placing of this fund in escrow pursuant to the November 3d order gave Phareb the benefit of interest which accrued from November 1965 to March 1966 and which would otherwise have gone into the debtor's general estate.

▮ The filing of a petition to review an order of a Referee in Bankruptcy in no way serves to stay its effect or operation. Coulter v. Blieden, 104 F.2d 29 (8th Cir.), cert. denied, 308 U.S. 583, 60 S.Ct. 106, 84 L.Ed. 488 (1939); Quinn v. Gardner, 32 F.2d 772 (8th Cir. 1929); see In re Autocue Sales & Distributing Corp., 162 F.Supp. 17 (S.D. N.Y.1958), affd., Kohn v. Myers, 266 F.2d 353 (2d Cir. 1959). On the contrary, execution of the order should be suspended or modified only where necessary to protect the rights of all parties in in-

terest. Title 11 U.S.C. § 67(c). The Bankruptcy Court has broad powers to approve settlement of claims against the debtor and to determine how a debtor's estate should be distributed, and nothing has here been shown to indicate an abuse of discretion on the Referee's part in ordering that the fund should be deposited in escrow with interest to Phareb. The 1964 approved settlement recognized the possibility that Phareb might possess a valid lien, expressly referring thereto and providing that funds received, up to $95,173, shall "from time to time as such monies are received" be paid over to Phareb, and the plan of arrangement was later entered into and approved with knowledge of, and subject to, the specific provisions of the earlier-approved stipulations. The situation here, therefore, is analogous to one where post-bankruptcy interest accruing on collateral may be paid to the secured creditor. 3 Collier on Bankruptcy ¶ 63.16 at 1861–62 (14th ed. 1966).

In support of their contention that interest should not have been allowed to Phareb, petitioners point to the fact that the Referee's order of November 3, 1965 provided that the $95,173 should be paid to Phareb "without interest". This, however, referred to interest that might have accrued prior to the time when the money was turned over to Phareb pursuant to the earlier-approved stipulations, and not to interest accruing thereafter. It is the latter interest which is the subject of the present petition for review.

Petitioners further contend that if funds were to be placed in escrow for Phareb, funds should also have been placed in escrow for other creditors. The simple answer is that there is nothing in the record to indicate that any other creditor asked for such a disposition of the balance of the funds in the bankrupt's estate.

The order of November 3, 1965 is confirmed.

So ordered.