In the Matter of ABINGDON REALTY CORPORATION, Bankrupt.

A & H HOLDING CORPORATION, Appellant,

v.

Gerald M. O'DONNELL, Trustee, et al., Appellees.

No. 75–1634.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 5, 1975.

Decided Jan. 22, 1976.

Thomas J. Harrigan, Arlington, Va. (Harrigan & Artz, Arlington, Va., on brief), for appellant.

R. Terrence Ney, Alexandria, Va. (Boothe, Prichard & Dudley, Alexandria, Va., on brief), for appellee Savage/Fogarty Companies, Inc.

Roy B. Zimmerman, Alexandria, Va., for appellee Gerald M. O'Donnell, Trustee.

Henry H. Glassie, Charles A. Trainum, Jr., Glassie, Pewett, Beebe & Shanks, Washington, D. C., filed a brief for appellee Metropolitan Life Ins. Co.

Before CRAVEN and FIELD, Circuit Judges, and THOMSEN, Senior District Judge.

THOMSEN, Senior District Judge.

Abingdon Realty Corporation (Abingdon) was adjudicated bankrupt on July 2, 1974, after an unsuccessful effort to reorganize under Chapter XI. Its principal asset was an office building in Arlington, Virginia, which was subject to two deeds of trust: the first, in favor of Metropolitan Life Insurance Company, which was in default and on which a balance of over $6,100,000, including interest, was unpaid in December 1974; the second, in favor of the Internal Revenue Service, on which a balance of approximately $2,000,000 was then due. Efforts to sell the building had been unsuccessful until Metropolitan Life, which had instituted foreclosure proceedings, finally agreed to reinstate and permit assumption of its loan by a qualified purchaser. Three prospective purchasers submitted bids, and after lengthy hearings the bankruptcy judge, on November 29, 1974, approved and ordered a sale of the property to Savage/Fogarty Companies, Inc., the highest bidder, for approximately $6,770,000. On December 11 the bankruptcy judge ordered that the sale be closed in escrow and on January 28, 1975, ordered that the escrow be closed and a deed delivered to Savage/Fogarty.

A & H Holding Corporation (A & H), which was listed as a fourth class creditor of Abingdon in the Chapter XI proceedings, and Abingdon's trustee in bankruptcy appealed from the November 29 and December 11 orders of the bankruptcy judge.[1] Before that appeal could be heard, Abingdon's trustee dropped its appeal, and A & H was adjudicated bankrupt and a receiver appointed for it on February 25, 1975. On March 7 Savage/Fogarty moved to dismiss A & H's

appeal from the bankruptcy judge's orders of November 29 and December 11, 1974, for lack of standing and on grounds of mootness. The receiver for A & H requested leave to abandon A & H's appeal as a burdensome asset, and on March 11, the bankruptcy judge granted such leave.

On March 14 counsel for A & H appeared before the district judge to oppose the motion of Savage/Fogarty to dismiss the appeal. The district judge, however, noted that A & H had been adjudicated a bankrupt and that its receiver did not wish to prosecute the appeal; he therefore ordered that the appeal of A & H from the November and December 1974 orders be dismissed. A & H, "by counsel", has appealed from that order of the district judge.

A & H argues that when its receiver in bankruptcy abandoned the appeal as a burdensome asset, "title" revested by operation of law in A & H, giving it "standing" to continue the appeal. Savage/Fogarty, Metropolitan Life and Abingdon's trustee in bankruptcy have filed briefs in opposition to the right of A & H to maintain the appeal. They argue, inter alia, that the order of the bankruptcy judge approving the sale of the building to Savage/Fogarty, a good faith purchaser, was not stayed pending appeal, that the sale had been consummated, and that A & H's appeal was therefore moot. In view of our decision on this point, it is unnecessary to consider the other points raised by the respective parties.

It is settled law that the filing of a petition to review an order of a bankruptcy judge (formerly a referee in bankruptcy), does not stay the effect or operation of the order unless a supersedeas bond is filed or the order itself provides for a stay. *Sterling v. Blackwelder,* 405 F.2d 884 (4 Cir. 1969); *Taylor v. Austrian,* 154 F.2d 107 (4 Cir. 1946); *In re Spier Aircraft Corp.,* 137 F.2d 736 (3 Cir. 1943); *Quinn v. Gardner,* 32 F.2d 772, 773 (8 Cir. 1929); *In re Stratford*

---

1. The claim of A & H against Abingdon is based upon intercorporate cash advances and services from A & H to Abingdon. The two

corporations had common officers and directors.

*Financial Corp.,* 264 F.Supp. 917, 918 (S.D.N.Y.1967); 2A Collier on Bankruptcy, 14th ed., 1974, ¶ 39.26, p. 1526. A proposed amendment to Bankruptcy Rule 805, which has been approved by the Judicial Conference of the United States, would add the following sentence at the end of that rule: "Unless an order approving a sale of property or issuance of a certificate of indebtedness is stayed pending appeal, the sale to a good faith purchaser or the issuance of a certificate to a good faith holder shall not be affected by the reversal or modification of such order on appeal, whether or not the purchaser or holder knows of the pendency of the appeal." The Advisory Committee's Note states that the sentence proposed to be added "is declaratory of existing case law". We agree. *Sterling v. Blackwelder, supra; Taylor v. Austrian, supra.* See also *Fink v. Continental Foundry & Machine Co.,* 240 F.2d 369 (7 Cir.), cert. den. 354 U.S. 938, 77 S.Ct. 1401, 1 L.Ed.2d 1538 (1957); *Sobel v. Whittier Corp.,* 195 F.2d 361 (6 Cir. 1952); 11 Wright & Miller, *Federal Practice and Procedure: Civil* § 2904, n.31.

Savage/Fogarty was a good faith purchaser and assumed a substantial obligation to Metropolitan Life, whose mortgage was in default. No stay of the effectiveness of the orders of the bankruptcy judge was sought by A & H, its receiver in bankruptcy, or anyone else, and the sale had been consummated. The appeal from the orders of the bankruptcy judge had become moot, since under these circumstances the district judge could not properly have ordered that the sale be set aside. His order dismissing the appeal should be and is hereby

*Affirmed.*