869 F.2d 594
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
HOME AND LOT OWNERS ASSOCIATION OF SHAWNEE-LAND, INC.,
Plaintiff-Appellee,
v.
MARJEC INC., Defendant-Appellant,
and
John G. Leake, Trustee; County of Frederick, Virginia;
Small Business Administration, An Agency of the U.S.;
Estate of Nicholas C. Miller; Joseph A. Massie, Jr.;
George C. Snarr, Jr., Esq., Defendants.
 No. 88-3093.
 United States Court of Appeals, Fourth Circuit.
 Argued: Jan. 10, 1989.
Decided: Feb. 16, 1989.
Rehearing Denied March 21, 1989.
 
 Robert Metcalfe Musselman (Roger K. Grillo, Robert M. Musselman & Associates, on brief), for appellant.
 Dale Alan Davenport (Hoover, Hoover, Penrod & Davenport, on brief), for appellee.
 Before WILKINS, Circuit Judge, BUTZNER, Senior Circuit Judge, and J. FREDERICK MOTZ, United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 This appeal concerns a Bankruptcy Court order directing that certain accounts receivable allegedly due to the debtor, Marjec, Inc. (the developer of Shawnee-Land, a residential community in Frederick County, Virginia) be transferred to the Home and Lot Owners Association of Shawnee-Land, Inc. (a non-profit corporation representing the interest of various individual property owners at Shawnee-Land). The District Court found that because reversal of the Bankruptcy Court's order could not return the bankruptcy estate to solvency, Marjec had no pecuniary interest in the appeal and thus lacked standing to prosecute it. See Willemain v. Kivitz, 764 F.2d 1019 (4th Cir.1985).
 
 
 2
 Marjec argues before us that since reversal of the Bankruptcy Court's order would potentially reduce its nondischargeable liabilities, it does have a sufficient pecuniary interest in the outcome of the appeal to possess standing. See Caldwell v. Armstrong, 342 F.2d 845 (10th Cir.1965); Menick v. Hoffman, 205 F.2d 365 (9th Cir.1953); In Re Kaminsky, 286 F.Supp. 445 (E.D.Wis.1968). The Home and Lot Owners Association argue that the cases relied upon by Marjec are distinguishable because they involved individual debtors whereas Marjec is a corporation whose insurmountable financial difficulties have for all practical purposes brought its existence to an end. See In Re J.N. Wells, Inc., 575 F.2d 329 (1st Cir.1978); Hartman Corporation of America v. United States, 304 F.2d 429 (8th Cir.1962).
 
 
 3
 We need not reach the issue thus posed. The transfer of the accounts receivable in question have been effected by a recorded deed. Marjec did not obtain a stay of the transfer pending appeal and in light of the fact that the transfer has been finally accomplished, the appeal is moot. See, e.g. Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc., 841 F.2d 92, 96 (4th Cir.1988); In re National Homeowners Sales Service Corp., 554 F.2d 636, 637 (4th Cir.1977); In re Abingdon Realty Corp., 530 F.2d 588, 590 (4th Cir.1976).
 
 
 4
 AFFIRMED.