**In re K. SIMPSON ENTERPRISES, INC., Debtor.**

**Edwin C. WITTIG, et al., Appellants,**

v.

**FIRST AMERICAN BANK OF VIRGINIA, et al., Appellees.**

Civ. A. No. 91–1712–A.

United States District Court, E.D. Virginia, Alexandria Division.

Dec. 17, 1991.

Brian F. Kenney, Miles and Stockbridge, Fairfax, Va., for First American Bank of Virginia.

Richard J. Stahl, Fairfax, Va., for Edwin C. Wittig, Automotive Parts Distributors, Inc., J.K. Distributors, Inc., Sands Distributors, Inc. and Springfield Auto Parts, Inc.

Bennett Allan Brown, Fairfax, Va., for K. Simpson Enterprises, Inc.

MEMORANDUM OPINION

HILTON, District Judge.

This matter came before the court on the appellees' suggestion of mootness and motion to dismiss an appeal of the Bankruptcy Court's relief from stay order. The petitioning creditors, Edwin C. Wittig, Springfield Auto Parts, Inc., Auto Parts Distribu-

tors, Inc., J.K. Distributors, Inc. trading as H & H Automotive Parts, and Sands Distributors appealed to this court a relief from stay granted by the Bankruptcy Court.

On July 13, 1990, the above named creditors filed an involuntary petition against K. Simpson Enterprises, Inc. Simpson filed a notice of intent to sell property free and clear of liens on October 12, 1990. The notice proposed a sale of Simpson's inventory to Fairfax Auto Parts, Inc. for the sum of $120,000 to $160,000. The Notice proposed that the proceeds of sale be paid to the First American Bank of Virginia in satisfaction of its lien against the inventory. Wittig, a petitioning creditor, objected to the proposed sale and argued that First American did not have a perfected lien against the inventory.

On January 31, 1991, First American filed a motion for relief from the automatic stay with respect to the inventory. The bankruptcy court granted the petitioning creditors leave to intervene in the relief from stay proceeding. The court granted First American relief from the stay on May 14, 1991, which the petitioners appealed on May 29, 1991.

The petitioning creditors, however, did not file a supersedeas bond nor did they move for or obtain a stay pending appeal from the Bankruptcy Court ruling. On September 27, 1991, First American foreclosed its security interest in the collateral and sold it to Parts Warehouse, Inc. for $110,000. The petitioners contest the granting of the stay and the distribution of those funds.

■ It is settled law that an appeal of an order of a bankruptcy judge does not stay the effect of the order unless a supersedeas bond is filed or the order itself provides for a stay. *A & H Holding Corp. v. O'Donnell (In re Abingdon Realty Corp.),* 530 F.2d 588, 589 (4th Cir.1976), *citing Sterling v. Blackwelder,* 405 F.2d 884 (4th Cir.1969); *Taylor v. Austrian,* 154 F.2d 107 (4th Cir.1946); *In re Spier Aircraft Corp.,* 137 F.2d 736 (3rd Cir.1943); *Quinn v. Gardner,* 32 F.2d 772 (8th Cir. 1929); *In re Stratford Financial Corp.,* 264 F.Supp. 917 (S.D.N.Y.1967). Unless an order approving a sale of property is stayed pending appeal, the sale to a good faith purchaser shall not be affected by the reversal or modification of such order on appeal, whether or not the purchaser knows of the pendency of the appeal. *Abingdon Realty,* 530 F.2d at 590; *Sterling v. Blackwelder, supra; Taylor v. Austrian, supra; see also Fink v. Continental Foundry & Machine Co.,* 240 F.2d 369 (7th Cir.1957), *cert. denied* 354 U.S. 938, 77 S.Ct. 1401, 1 L.Ed.2d 1538 (1957); *Sobel v. Whittier Corp.,* 195 F.2d 361 (6th Cir.1952).

■ The petitioners did not seek a stay of the bankruptcy judge's ruling. Once the relief from stay was granted, First American Bank properly foreclosed on the collateral at issue. The appeal from the order of the bankruptcy judge had become moot because this court cannot properly set aside the foreclosure sale.

An appropriate order shall issue.

### ORDER

This matter came before the court on the appellees' suggestion of mootness and motion to dismiss an appeal of the Bankruptcy Court's relief from stay order. For the reasons stated in the accompanying memorandum opinion, it is hereby

ORDERED that the motion to dismiss is GRANTED and the appeal from the May 14, 1991 order of the Bankruptcy Court is dismissed.