25 F.3d 1040
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 MITCHELL, TAYLOR & ELDREDGE, A Virginia General Partnership,
Plaintiff-Appellant,
v.
DOMINION BANK, National Association, Defendant-Appellee.
 No. 93-1688.
 United States Court of Appeals, Fourth Circuit.
 No. 93-1688.
Argued Feb. 10, 1994.
Decided May 31, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T. S. Ellis III, District Judge. (CA-93-387, BK-92-14100-AT)
 Kevin Martin O'Donnell, Alexandria, VA, for appellant.
 John P. Corrado, Hazel & Thomas, P.C., Alexandria, VA, for appellee.
 Anne M. Richard, Hazel & Thomas, P.C., Alexandria, VA, for appellee.
 E.D.Va.
 DISMISSED.
 Before RUSSELL and WILLIAMS, Circuit Judges, and OSTEEN, United States District Judge for the Middle District of North Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Mitchell, Taylor & Eldredge (MTE), a Virginia partnership which is the debtor in this bankruptcy action, appeals the district court's affirmance of the bankruptcy court's order denying its objection to the claim of Dominion Bank (Dominion), one of MTE's creditors. We find that MTE's appeal is moot and, therefore, dismiss it.
 
 I.
 
 2
 In the bankruptcy action of debtor MTE, Dominion asserted that it had a claim against MTE in the amount of $650,291.20 for principal and interest on a loan made to MTE, and that this claim was secured by a deed of trust in certain of MTE's real property; MTE objected to Dominion's claim on the ground that Dominion's deed of trust was no longer valid. Before the bankruptcy court ruled on Dominion's claim, Dominion moved to lift the automatic stay imposed under 11 U.S.C. Sec. 362 so that it could foreclose on this deed of trust.
 
 
 3
 After a hearing, the bankruptcy court determined that Dominion's deed of trust was valid and, therefore, issued an order denying MTE's objection to Dominion's claim. It also entered a second order lifting the automatic stay to allow Dominion to foreclose on its deed of trust.
 
 
 4
 MTE appealed the first of these orders to the district court. The district court affirmed it, finding that the bankruptcy judge had properly determined that the deed of trust was valid. MTE now appeals this affirmance, challenging again the validity of Dominion's deed of trust.
 
 
 5
 MTE, however, never appealed the bankruptcy court's second order lifting the automatic stay and allowing Dominion to foreclose on its deed of trust. As a consequence, that order became final and unappealable. MTE later moved to stay the foreclosure but, as this order allowing the foreclosure had become final and unappealable, its motion was properly denied. Dominion then foreclosed on its deed of trust and the property encumbered by the deed of trust was auctioned at a foreclosure sale.
 
 II.
 
 6
 It is well-established that a debtor's appeal challenging a bankruptcy court order that upholds a creditor's right to foreclose on its security interest in the debtor's property is rendered moot when, as a result of the debtor's failure to obtain a stay on foreclosure, the property is sold at a foreclosure sale. In re Sullivan Cent. Plaza, I, Ltd., 914 F.2d 731, 733 (5th Cir.1990); In re Mann, 907 F.2d 923, 926 (9th Cir.1990); In re Van Iperen, 819 F.2d 189, 191 (8th Cir.1987); In re Sewanee Land, Coal & Cattle, Inc., 735 F.2d 1294, 1296 (11th Cir.1984);* see also In re March, 988 F.2d 498, 499 (4th Cir.) (finding that foreclosure by a third party on property in which debtor had a junior lien mooted debtor's appeal of bankruptcy court's order sustaining third party's right to foreclose), cert. denied, 114 S.Ct. 182 (1993); In re Sax, 796 F.2d 994, 997 (7th Cir.1986) (holding that sale of debtor's property mooted debtor's appeal challenging bankruptcy court's authorization of the sale); In re Abingdon Realty Corp., 530 F.2d 588, 590 (4th Cir.1976) (same).
 
 
 7
 MTE's appeal challenges Dominion's right to foreclose on its deed of trust. The appeal makes only one contention: that the bankruptcy court and the district court erred in finding that Dominion's deed of trust was valid. The only meaningful relief we could grant MTE if we agreed that the deed of trust was invalid would be to block or rescind Dominion's foreclosure on it. Yet MTE already permitted this foreclosure to occur prior to this appeal. It failed to appeal the bankruptcy court's order lifting the automatic stay and allowing the foreclosure; it later moved to stay the foreclosure but, as the order allowing the foreclosure had become final and unappealable, its motion was properly denied. As a result, under the well-established rule set forth above, we find that MTE's appeal is moot and dismiss it.
 
 III.
 
 8
 For the reasons stated, we dismiss MTE's appeal.
 
 DISMISSED
 
 
 *
 Two of these opinions recognized exceptions to this rule when the debtor has an unexpired right of redemption in the property that was sold at foreclosure or when the foreclosure sale could be set aside for unfairness under state law. In re Sullivan, 914 F.2d at 734; In re Mann, 907 F.2d at 926. These exceptions, however, even if they are good law in this circuit, plainly do not apply in the case at bar