52 F.3d 322
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 In Re: ROSE'S STORES, INC., Debtor.
INGLES MARKETS, INCORPORATED, Plaintiff-Appellant,
v.
HENDERSON INVESTORS, LIMITED; Eaglewood Properties I,
Limited, Defendants-Appellees.
 No. 94-2011.
 United States Court of Appeals, Fourth Circuit.
 Argued: March 9, 1995.
Decided: April 12, 1995.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Chief District Judge. (MC-94-85-5-F, BK-93-1365-5-ATS)
 Before WIDENER, MICHAEL, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 The bankruptcy court rejected the proposal of appellant, Ingles Markets, Inc. (Ingles), to assume a debtor's lease. Instead it approved the landlord's proposal to cancel the lease in exchange for a cash payment to the debtor. Ingles then noted an appeal to the district court. On the same day that the appeal was filed, the lease was cancelled. The district court dismissed the appeal as moot. We agree that Ingles' appeal--in the district court and in this court--is moot.
 
 I.
 
 2
 On September 5, 1993, Rose's Stores, Inc. (Rose's), a variety/department store chain, filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Eastern District of North Carolina, Raleigh Division. Thereafter, on April 29, 1993, BiLo, Inc. (Bi-Lo), a grocery store chain and appellee, Henderson Investors, Ltd. (HIL), entered into a lease agreement whereby Bi-Lo would occupy a portion of Rose's Plaza--a shopping center owned by HIL and located in Henderson County, North Carolina. At the time, another section of Rose's Plaza was occupied by a Rose's store.
 
 
 3
 On December 23, 1993, the bankruptcy court approved the closing of forty-three stores operated by Rose's, including the store located in Rose's Plaza. On March 8, 1994, the court entered an order scheduling an auction of Rose's leasehold interests in the closed stores and scheduling a subsequent hearing "to approve the assumption, assignment and sale of such property leases, or the rejection thereof...." Pursuant to the order, the auction was held from 10:00 a.m. to 2:00 p.m. on March 22, 1994. During that period, Ingles, the operator of a chain of grocery stores including stores located in North Carolina, offered a bid of $1.00 to assume the Rose's lease of the store located in Rose's Plaza. When no other bids were submitted, Rose's accepted Ingles' bid and the two parties executed a tentative agreement titled "AGREEMENT FOR SALE OF LEASEHOLD INTEREST," subject to the bankruptcy court's approval.
 
 
 4
 Later that same day,[1] HIL offered to release Rose's from its lease for the sum of $1,000. HIL further requested that Rose's "continue the hearing on this lease assignment" until the bid could be "properly presented" to the bankruptcy court. HIL later filed formal objections to the assignment to Ingles with the bankruptcy court and informed the court of the offer HIL had received from Bi-Lo of $1000 for the right to assume Rose's lease. On March 28, 1994, the bankruptcy court held a hearing concerning the assignment of the Rose's lease. The court issued its ruling on April 19, 1994, rejecting the proposed assignment of Rose's lease to Ingles on the grounds that such an assignment would violate a provision in the Rose's lease that prohibited an assignee from operating a grocery store on the premises. Due to the lease prohibition, the court concluded that assignment of the lease to Ingles would violate Secs. 365(b)(3)(C) and 365(f)(2) of the Bankruptcy Code. Nonetheless, the court indicated it would approve assignment of the lease to Bi-Lo, based in large part on HIL's consent to Bi-Lo's assumption of the lease.
 
 
 5
 The bankruptcy court subsequently denied Ingles' motion for reconsideration of its April 19 order. On May 24, 1994, the court issued an order approving cancellation of the Rose's lease upon payment of $1,000 to Rose's by HIL. At no point during these proceedings did Ingles ever request a stay in the implementation of the bankruptcy court's orders. Accordingly, on March 26, 1994, HIL and Rose's consummated their agreement to cancel the lease and Ingles filed a notice of appeal in the United States District Court for the Eastern District of North Carolina. HIL recorded the lease cancellation in the Henderson County Registry the following day.
 
 
 6
 HIL filed a motion to dismiss Ingles' appeal to the district court on the ground that Ingles lacked standing to appeal and that the appeal was moot. The next day Ingles filed a lis pendens notice on the former Rose's store in Rose's Plaza with the Henderson County Superior Court. HIL responded to the lis pendens filing by amending its motion to request dismissal on an emergency basis. On June 28, 1994, the district court dismissed Ingles' appeal "[f]or the reasons articulated in [HIL's] briefs...." The district court also ordered Ingles to cancel its notice of lis pendens. Ingles never sought a stay with respect to the district court's dismissal.[2]
 
 
 7
 On July 21, 1994, HIL and Bi-Lo executed a written agreement whereby Bi-Lo agreed to vacate its original space in Rose's Plaza in exchange for a lease of the premises formerly occupied by Rose's. Four days later, Ingles filed its notice of appeal to this Court. HIL also moved in this Court to dismiss the appeal on mootness grounds; that motion was denied without prejudice on September 2, 1994.
 
 II.
 
 8
 The only issue raised on appeal is whether the appeal is moot. By basing its decision to grant HIL's motion to dismiss on the "reasons articulated" in HIL's briefs, the district court apparently found dismissal appropriate on one, some, or all of the three grounds set forth in those briefs. We agree.
 
 
 9
 The first basis for dismissal is Sec. 363(m) of the Bankruptcy Code. That section provides that:
 
 
 10
 [t]he reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.
 
 
 11
 11 U.S.C. Sec. 363(m). It is undisputed that Ingles failed to obtain a stay following the bankruptcy court's order rejecting the assignment of Rose's lease to Ingles and approving the assignment to Bi-Lo. Therefore, if Sec. 363(m) is applicable, Ingles' failure to secure a stay in the enforcement of the bankruptcy court's order mooted any subsequent appeal. Willemain v. Kivitz, 764 F.2d 1019, 1023 (4th Cir.1985); see also In re National Homeowners Sales Serv. Corp. (Alexandria Nat. Bank of Northern Virginia v. National Homeowners Sales Serv. Corp.), 554 F.2d 636, 637 (4th Cir.1977); In re Abingdon Realty Corp. (A & H Holding Corp. v. O'Donnell ), 530 F.2d 588, 589 (4th Cir.1976).
 
 
 12
 HIL's second and third arguments also provide independent bases for dismissal. Bankruptcy Rule 7062 provides an exception to the 10-day automatic stay of Fed.R.Civ.P. 62(a) not only for orders for the sale or lease of property of the estate pursuant to Sec. 363, but also for orders authorizing assignment of an unexpired lease pursuant to Sec. 365. Bankruptcy Rule 7062 has been interpreted to require a party to obtain a stay pending appeal of such an order or risk having the order become final and any appeal from it declared moot. See 9 Collier on Bankruptcy p 7062.05 (Lawrence P. King ed., 15th ed.1994).
 
 
 13
 The final ground for dismissal is the well-established doctrine that certain appeals are moot because an appellate court "cannot equitably provide any remedy." Central States, Southeast and Southwest Areas Pension Fund v. Central Transp., Inc., 841 F.2d 92, 93 (4th Cir.1988). See also Tucker v. Phyfer, 819 F.2d 1030, 1034 n. 3 (11th Cir.1987)("[t]he mootness doctrine usually requires a court to dismiss an action in which, because of events occurring after the plaintiff filed the suit, any relief the court might grant would be of no utility to the plaintiff"). In Central States, we dismissed as moot an appeal from a bankruptcy court's order approving a reorganization plan in light of the fact the transactions subsequent to the bankruptcy order had progressed beyond our power to restore the status quo. Similarly, here Ingles asks us to void the Bi-Lo lease so it can gain "possession of the premises pursuant to the terms of the Rose's Hendersonville Lease" or to nullify the assignment of the lease to Bi-Lo and order a new auction. Either remedy would require this court to undo a valid lease assignment involving Bi-Lo, an entity that is not even a party to this case.[3] Furthermore, invalidating the Bi-Lo/HIL lease would adversely affect additional individuals who are not parties to this case, i.e., other non-party tenants who have entered into leases of Bi-Lo's old premises.
 
 
 14
 Dismissal for mootness is especially appropriate when, as here, a "party, seeking a return to the status quo ante, sits idly by and permits intervening events to extinguish old rights and create new ones." Central States, 841 F.2d at 93. See also 9 Collier p 8005.04 (if an "irreversible action is taken pending the appeal, the appeal will be dismissed as moot").[4] Section 363(m), Rule 7062, and the common law provide alternative and independent grounds for finding this appeal moot. For these reasons, the district court was correct in dismissing Ingles' appeal as moot, and Ingles' appeal to this court is similarly dismissed as moot.
 
 DISMISSED
 
 
 [1]
 The record indicates that HIL's competing bid was submitted the same day as Ingles' bid. The record is unclear, however, as to whether the bid was entered before or after the close of the auction. Determination of that fact makes no difference to the outcome of this appeal
 
 
 [2]
 Federal Rule of Civil Procedure 62(a) requires the imposition of an automatic stay of execution of a judgment for ten days following its entry. Federal Bankruptcy Rule 7062 adopts Rule 62(a) for bankruptcy proceedings, but also provides that "an order authorizing or prohibiting ... the use sale or lease of property of the estate under Sec. 363 ... and an order authorizing the assumption or assignment of an executory contract or unexpired lease pursuant to Sec. 365 shall be additional exceptions to Rule 62(a)."
 
 
 [3]
 Ingles admits that "Bi-Lo did not have any recognizable legal interest in the Rose's Hendersonville Leasehold Premises until at least July 21, 1994...." Having had no interest in the outcome of this action until after the district court's disposition of the case, Bi-Lo could not have successfully intervened in the proceedings. Furthermore, Ingles made no attempt to join Bi-Lo as a party. Accordingly, the fact that Bi-Lo could be adversely affected by consideration of the merits of this appeal weighs heavily in favor of the conclusion that the appeal should be dismissed as moot. See Central States, 841 F.2d at 96 ("dismissal of the appeal on mootness grounds is required when implementation of the [bankruptcy court's decision] has created, extinguished or modified rights, particularly of persons not before the court, to such an extent that effective judicial relief is no longer practically available")
 
 
 [4]
 After the filing of briefs in this case, but prior to oral argument, the bankruptcy court approved Rose's Chapter 11 reorganization plan. This occurrence further illustrates that this case has progressed beyond the point of no return