2) Caption, civil cases



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



FRANK J. HOLDAMPF, Individually
and d/b/a PATRIOT OIL COMPANY,


 Appellant,


v.


JASMINE ROAD DEVELOPMENT
COMPANY, L.L.C.,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-02-00174-CV



Appeal from the


385th District Court


of Midland County, Texas 


(TC# CV-43,129)


MEMORANDUM OPINION


 On December 9, 2002, the Court ordered this appeal held in abeyance due to an
automatic stay after the filing of Chapter 13 bankruptcy by Frank J. Holdampf doing
business as Patriot Oil Company. See 11 U.S.C. § 362. On February 5, appellee Jasmine
Road Development Company, L.L.C., filed a Motion to Reinstitute Appellate Process
pursuant to Rule 8.3 of the Texas Rules of Appellate Procedure. The case underlying the
stay, In re: Frank J. Holdampf, debtor, was dismissed with prejudice on December 19,
2002, by the United States Bankruptcy Court for the Western District of Texas, Midland-Odessa Division. A letter from the appellee regarding this motion mentions that Mr.
Holdampf may be appealing that decision by the bankruptcy court.

 In relevant part, 11 U.S.C. § 362(c) provides terms for the duration of the
automatic stay protecting the debtor:

 (c) Except as provided in subsections (d), (e), and (f) of this section--


 (1) the stay of an act against property of the estate under
subsection (a) of this section continues until such property is
no longer property of the estate; and


 (2) the stay of any other act under subsection (a) of this section
continues until the earliest of--


 (A) the time the case is closed;


 (B) the time the case is dismissed; or


 (C) if the case is a case under chapter 7 of this title
concerning an individual or a case under chapter 9, 11,
12, or 13 of this title, the time a discharge is granted or
denied.


11 U.S.C. § 362(c). The automatic stay has been terminated by the dismissal of the case
by the order of the bankruptcy judge. Although a stay may be continued pending appeal,
the debtor must affirmatively act to obtain that stay pending appeal and post a supersedeas
bond. See In re Regency Woods Apartments, Ltd., 686 F.2d 899, 903 (11th Cir. 1982). In
the absence of a supersedeas bond or an order providing for a stay, the filing of a petition
to review an order of a bankruptcy judge does not stay effect or operation of the order. In
re Abingdon Realty Corp., 530 F.2d 588, 589 (4th Cir. 1976). In the present case, we
have no evidence of an appeal or a stay pending appeal. The motion to reinstate this
appeal is granted.

 The motion is granted and the appeal is reinstated.



 

 SUSAN LARSEN, Justice

March 6, 2003


Before Panel No. 1

Larsen, McClure, and Chew, JJ.