**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-2430**

———————

In Re:  JACOB FRAIDIN,

                                                      Debtor.

- - - - - - - - - - - -

JACOB FRAIDIN,

                                        Debtor - Appellant,

         versus

MICHAEL G. RINN,

                                        Trustee - Appellee.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  William M. Nickerson, Senior District
Judge.  (CA-04-2536-WMN; BK-92-5-2338-JS)

———————

Submitted:  March 21, 2005          Decided:  March 31, 2005

———————

Before MICHAEL and MOTZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Dismissed by unpublished per curiam opinion.

———————

Jacob Fraidin, Appellant Pro Se.  Paul-Michael Justin Sweeney,
LINOWES & BLOCHER, LLP, Bethesda, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Jacob Fraidin appeals from the district court's order affirming the bankruptcy court's order approving a settlement among two of Fraidin's creditors and the Trustee in Fraidin's Chapter 7 bankruptcy case. On February 20, 2003, the bankruptcy court approved the settlement, which provided for the payment of money from the estate as well as the transfer of certain real estate. On appeal, the district court vacated the settlement order and remanded for further explanation or further proceedings. On April 13, 2004, the bankruptcy court again approved the settlement and provided a lengthy explanation for its decision. The district court affirmed this order.

Fraidin failed to obtain a stay of the settlement order pending appeal, as provided in Fed. R. Bankr. P. 8005. Absent a stay of the bankruptcy court's order, the parties were free to effectuate the settlement. In accordance with the settlement, the automatic stay was lifted and Weitzman and Braiterman were permitted to proceed against certain real properties to satisfy their non-dischargeable judgment against Fraidin, money from the bankruptcy estate's sale of property was paid over to Weitzman and Braiterman, and a deed was executed and delivered in accordance with the settlement terms. Additionally, the Trustee has undertaken further action to administer the bankruptcy estate in reliance on the settlement.

We find that, given the length of time that has elapsed since approval of the settlement and the actions of the parties in consummating that settlement, effective judicial relief is no longer practically available. See MAC Panel Co. v. Va. Panel Corp., 283 F.3d 622, 625 (4th Cir. 2002); Cent. States, S.E. & S.W. Areas Pension Fund v. Cent. Transp., Inc., 841 F.2d 92, 96 (4th Cir. 1988). We therefore conclude that Fraidin's appeal is moot. See Taylor v. Austrian, 154 F.2d 107, 108 (4th Cir. 1946) (holding that the failure to seek a stay of a bankruptcy court order can alone render further appeal moot).

Accordingly, we dismiss the appeal as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED