**COSTILLA ENERGY, INC., Appellant,**

v.

**GNK, INC. Appellee.**

**No. 10–99–334–CV.**

Court of Appeals of Texas, Waco.

March 1, 2000.

Tom C. McCall, David B. McCall, John M. Kyser, McCall & Ritchie, Austin, for appellant.

Michael G. Carroll, Ireland, Carroll & Kelley, P.C., Tyler, Mark T. Josephs, Brian Kilpatrick, Jackson, Walker, Dallas, Holloway Martin, Martin & Thomas, Mexia, for appellee.

Before Chief Justice DAVIS Justice VANCE and Justice GRAY.

## ORDER

PER CURIAM.

The trial court signed a judgment on a jury verdict in this cause on August 18, 1999. Appellants timely filed motions for new trial and notices of appeal. Appellant Costilla Energy, Inc. filed a voluntary petition under Chapter 11 of the Bankruptcy Code on September 3 in the United States Bankruptcy Court for the Western District of Texas, Midland Division.

Costilla has now filed a motion to reinstate the appeal because the bankruptcy court has lifted the automatic stay to allow Costilla to prosecute its motion for new trial and this appeal. *See* TEX.R.APP. P. 8.3(a). Costilla has attached to its motion a certified copy of the bankruptcy court's order lifting the stay. *Id.* Costilla requests that we "reinstate this appeal and set new appellate deadlines."

Rule of Appellate Procedure 8.2 describes the effect of a bankruptcy proceeding on an appeal as follows:

A bankruptcy suspends the appeal and all periods in these rules from the date when the bankruptcy petition is filed until the appellate court reinstates or severs the appeal in accordance with federal law. A period that began to run and had not expired at the time the proceeding was suspended begins anew when the proceeding is reinstated or severed under 8.3. A document filed by a party while the proceeding is suspended will be deemed filed on the same day, but after, the court reinstates or severs the appeal and will not be considered ineffective because it was filed while the proceeding was suspended.

*Id.* 8.2.

According to Rule 8.2, this appeal has been suspended since September 3, when Costilla filed its bankruptcy petition. During this period, this Court received the clerk's record on December 20. The clerk's record is deemed filed on March 1, 2000, the date on which this appeal is reinstated. *Id.*

Because motions for new trial were filed, the reporter's record would ordinarily have been due 120 days after judgment. *Id.* 35.1(a). However, the bankruptcy suspended the period within which the reporter's record was due. *Id.* 8.2. That period begins "anew" on the date of reinstatement. *Id.* Accordingly, the reporter's record is due on June 29, 2000, which is 120 days after the date of this Order.

Costilla's motion to reinstate is granted. The reporter's record is due on June 29, 2000. The regular briefing schedule provided by Rule 38.6 will commence upon the filing of the reporter's record. *Id.* 38.6.