2) Caption, civil cases



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



FRANK J. HOLDAMPF,


 Appellant,


v.


H.E. BUTT GROCERY COMPANY,
BOB ROBINSON, AND Q. GARCIA,


 Appellees.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-02-00513-CV



Appeal from the


385th District Court


of Midland County, Texas 


(TC# CV-43,218)



MEMORANDUM OPINION


 On December 17, 2002, this Court ordered the above styled and numbered appeal 
be held in abeyance due to an automatic stay after the filing of Chapter 13 bankruptcy by 
appellant Frank J. Holdampf. See 11 U.S.C. § 362. On January 28, appellees H.E. Butt
Grocery Company, Bob Robinson, and Q. Garcia filed a Motion to Reinstate Appeal
Following Lifting of Bankruptcy Stay pursuant to Rule 8.3 of the Texas Rules of
Appellate Procedure. The case underlying the stay, In re: Frank J. Holdampf, debtor,
was dismissed with prejudice on December 19, 2002 by the United States Bankruptcy
Court for the Western District of Texas, Midland-Odessa Division. It appears from the
accompanying documentation, however, that Mr. Holdampf is appealing that decision by
the bankruptcy court. Appellees in their motion refer to a December 23, 2002, order of
the Bankruptcy Court dismissing as moot a motion for relief sought by one of appellant's
creditors. Mr. Holdampf filed his notice of appeal of the dismissal of the Bankruptcy
Court on December 27, 2002.

 In relevant part, 11 U.S.C. § 362(c) provides terms for the duration of the
automatic stay protecting the debtor:

 (c) Except as provided in subsections (d), (e), and (f) of this section--


 (1) the stay of an act against property of the estate under
subsection (a) of this section continues until such property is
no longer property of the estate; and


 (2) the stay of any other act under subsection (a) of this section
continues until the earliest of--


 (A) the time the case is closed;


 (B) the time the case is dismissed; or


 (C) if the case is a case under chapter 7 of this title
concerning an individual or a case under chapter 9, 11,
12, or 13 of this title, the time a discharge is granted or
denied.


11 U.S.C. § 362(c). The automatic stay has been terminated by the dismissal of the case
by the order of the bankruptcy judge. Although a stay may be continued pending appeal,
the debtor must affirmatively act to obtain that stay pending appeal and post a supersedeas
bond. See In re Regency Woods Apartments, Ltd., 686 F.2d 899, 903 (11th Cir. 1982). In
the absence of a supersedeas bond or an order providing for a stay, the filing of a petition
to review an order of a bankruptcy judge does not stay effect or operation of the order. In
re Abingdon Realty Corp., 530 F.2d 588, 589 (4th Cir. 1976). In the present case, we
have no evidence of a stay pending appeal. The motion to reinstate this appeal is granted.

 The record in the case was originally due December 21, 2002. Prior to the record
being filed, the automatic stay went into effect. Texas Rules of Appellate Procedure 8.2
provides that "A period that began to run and had not expired at the time the proceeding
was suspended begins anew when the proceeding is reinstated or severed under 8.3." 
Tex. R. App. P. 8.2. Since a motion for new trial had been filed, Mr. Holdampf was
required to file the appellate record within 120 days after the judgment was signed. Tex.
R. App. P. 35.1. That period begins anew upon the reinstatement of this appeal. 
Accordingly, the appellate record is due June 27, 2003, which is 120 days after the date of
this opinion. See Costilla Energy, Inc. v. GNK, Inc., 15 S.W.3d 579, 580 (Tex. App.--Waco 2000, no pet.). The regular briefing schedule will commence upon the filing of the
reporter's record. Tex. R. App. P. 38.6.

 The motion is granted and the appeal is reinstated.


 SUSAN LARSEN, Justice

February 27, 2003


Before Panel No. 1

Larsen, McClure, and Chew, JJ.